ELIZA A. CLARK, Respondent, *v.* ELI SMITH, Appellant.

*Justices' Courts—Appeals.*—Upon an appeal from a justice of the peace to the Circuit Court, the case must be tried anew upon the same cause of action presented before the justice. The plaintiff cannot in the Circuit Court amend his account so as to change his cause of action.

*Appeal from Worth Circuit Court.*

*Ensworth,* for appellant.

I. This cause being tried by the Circuit Court on appeal from the justice's court, the same issue should have been tried in said court that was originally tried in the justice's court—R. C. 1855, p. 975, § 18.

Clark v. Smith.

II. The amended statement or complaint of the respondent presents a cause of action in trespass. The cause of action before the justice was a contract based on an account; therefore the court erred in permitting the amended complaint to be filed, the justice of the peace having no jurisdiction.

HOLMES, Judge, delivered the opinion of the court.

This suit was commenced before a justice of the peace in the county of Worth, upon an account filed with the justice charging the defendant with six fat hogs at sixteen dollars each and one shoat at four dollars, crediting him with the amount of one hog and one shoat, twenty dollars, and claiming a balance of eighty dollars as for goods sold and delivered. There was a trial before the justice, and the plaintiff had judgment for seventy dollars and costs. An appeal was taken by the defendant to the Circuit Court of Worth county; and upon the trial there, the evidence offered tending to show that the plaintiff had lost certain hogs which had come into the possession of the defendant, the plaintiff, upon leave granted, filed an amended statement of her cause of action, in writing, alleging that the defendant, on or about the 15th day of October, 1864, wrongfully took five hogs, the property of the plaintiff, of the value of fifty dollars, and had not returned or accounted for the same, and asked judgment for fifty dollars damages. The defendant excepted to the amendment, and the plaintiff recovered a verdict for sixty-three dollars, on which a *remittitur* of thirteen dollars was entered, and had judgment for fifty dollars, from which an appeal is taken to this court.

The statute is express that upon an appeal from a justice of the peace to the Circuit Court, the case must be tried *de novo* upon the same cause of action that was tried before the justice. Here the cause of action is wholly changed, and the amendment was made for the very reason that the evidence which would support the one would not support the

other. Such a proceeding is entirely erroneous—Webb v. Tweedie, 30 Mo. 488; Kraft v. Hurst, 11 Mo, 109.

The judgment must be reversed and the cause remanded. The other judges concur.