E. M. HANSBERGER, Defendant in Error, *v.* PACIFIC RAILROAD COMPANY, Plaintiff in Error.

1. *Justices' Courts — Appeal, what cause of action tried upon.*— Where an action of damages against a railroad company was originally brought before a justice of the peace, under the common law, for negligence in killing stock, and on appeal to the Circuit Court an amended statement was filed under the provisions of § 5, ch. 51, R. C. 1855: *held,* that the whole cause of action was changed, and, under the statute concerning appeals from justices of the peace, the same was properly stricken out on motion.

2. *Justices' Courts — Venue — Jurisdiction.*— When a justice's court proceeded under an act which declared that all suits brought thereunder should be tried in the township where the injury complained of was committed, that fact should appear on the face of the papers, in order to confer jurisdiction.

*Error to First District Court.*

*Hicks & Phillips,* for plaintiff in error.

I. The complaint before the justice, and the issue on the trial in the Circuit Court as presented by the record, was a common law action for killing stock, whereas the instructions given by the court assumed that the action was brought under section 5, chapter 51, R. C. 1855, p. 649. ( *Vide* 31 Mo. 399 ; 34 Mo. 177, 242. )

The plaintiff below, discovering that he could not recover on the statement of his cause of action filed with the justice of the peace, attempted to relieve the case from embarrassment and remain in court by filing in the Circuit Court an amended statement changing the cause of action from one at common law, for negligently running and managing the locomotive by which the stock was killed, to one under section 5, chapter 51, R. C. 1855, where the question of negligence as presented in the justice's court did not arise at all.

He could not do this ; for " the same cause of action, and no other, that was tried before the justice shall be tried before the appellate court on appeal." (R. C. 1855, § 18, p. 975.)

And while, by section 36, p. 945, R. C. 1855, the statement may be amended on motion, yet it is to be observed that this right is limited to the justice's court. When the case is appealed, section 18, p. 975, comes in and says : " Here in the Circuit

Court the case must be tried as it comes up on the transcript; there is no power to amend in this court."

1. The amended statement presented an entirely different cause of action. It changed the liability and rights of the defendant below, the character of the proof necessary, and the law as applicable to the case appealed to the Circuit Court. (22 Mo. 402 *et. seq.*; 11 Mo. 109; 30 Mo. 488; 39 Mo. 498; 2 Mo. 12, 13.) 2. The suit instituted before the justice of the peace was on a common-law right of action, and could have been prosecuted at any time within five years after the cause of action accrued.

The amended statement filed in the Circuit Court was on a statutory cause of action under section 5, chapter 51, R. C. 1855. By section 6 of chapter 51 it is provided that all actions instituted under said section 5 "shall be commenced within one year after the cause of such action shall accrue." Now, the cause of action sued on .at bar accrued in May and July, 1864; while the statement of the cause, which attempts to subject the defendant below to liability under said section 5, was not filed until April, 1866 — nearly two years after the cause of action accrued.

Did not the amended statement, then, affect the substantial rights of the defendant below? Can a party, by such a manœuver in the appellate court, revive a cause of action already barred by the statute of limitations? (*Vide* 40 Mo. 254, 256.)

II. The motion to dismiss was properly sustained, because it did not appear from the record in the case that the justice had jurisdiction of the cause of action or the amount sued for.

This action is for injury to personal property. By section 3, chapter 90, R. C. 1855, justices of the peace have jurisdiction only in such cases under fifty dollars, whereas the sum sued for in the action at bar is one hundred and seventy dollars.

If it were the intention of plaintiff to avail himself of an act to extend the jurisdiction of justices' courts, to be found on page 23, Sess. Acts 1860–1, he has failed to bring himself under the protection of its provisions. Section 2 of said act declares that

"all suits arising under this act shall be commenced before some justice of the peace of the township in which the injury complained of was committed."

It is, then, most manifest that, whilst under the provisions of this special act justices of the peace can exercise jurisdiction in actions against railroads for killing stock, regardless of the amount sued for, this jurisdiction is nevertheless restricted to injuries committed in the township where the justice exercising jurisdiction resides. Beyond the line bounding his municipality he has no extraordinary jurisdiction. It becomes necessary, therefore, that the transcript from the justice's court, or the pleading in the cause, should show affirmatively that the injury complained of was committed in the township where suit was instituted. "Nothing is intended to be within the jurisdiction of an inferior court but that which is so expressly alleged." (Peacock v. Bell *et al.*, 1 Saund. 74 *b*. ; Walker v. Turner, 9 Wheat. 548–9 ; 4 Mass. 641–3 ; 26 Mo. 65, 601 ; Gould's Plead. ch. 5, § 18, p. 218 ; Bac. Abr. Pl. Eq. 526 ; 27 Mo. 184.)

*Draffin & Muir*, for defendant in error.

The Circuit Court committed manifest error in striking out the amended petition of plaintiff and in dismissing his suit, and its judgment was rightfully reversed. (Gen. Stat. 1865, p. 708, § 36 ; Walker v. Harper, 33 Mo. 592.)

WAGNER, Judge, delivered the opinion of the court.

Plaintiff commenced his action against the defendant, before a justice of the peace in Pettis county, by filing his written statement claiming damages for the killing of stock. A trial was had, and verdict and judgment were rendered in his favor. Defendant appealed to the Circuit Court, and while the cause was pending in that court the plaintiff filed an amended statement. Subsequently the defendant filed a motion to strike out the amended statement and to dismiss the action, for the reason that the amended statement contained another and different cause of action from that tried in the justice's court and

appealed from, and for the additional reason that the amount claimed exceeded the jurisdiction of the justice of the peace. This motion was sustained, and judgment rendered in the Circuit Court for defendant, which judgment was reversed in the District Court, and the cause is brought here for review by writ of error.

The original statement filed with the magistrate was in the nature of a declaration at common law, and devolved on the plaintiff the burden of proving negligence in the defendant before he could succeed in maintaining his action. The amended statement was filed under the provisions of the fifth section of chapter 51, Revised Code 1855, which declares that when any animal or animals shall be killed or injured by the cars, locomotive, or other carriages used on any railroad in this State, the owner of such animal or animals may recover the value thereof in an action against the company or corporation running such railroad, without any proof of negligence, unskillfulness, or misconduct on the part of the officers, servants, or agents of such company; but this section shall not apply to any accident occurring on any portion of such road that may be inclosed by a lawful fence, or on the crossing of any public highway.

Now, in an action against a railroad company for negligence in killing stock, the plaintiff must either prove actual negligence or show the facts from which the law raises the inference of negligence. (Calvert v. Hannibal & St. Joseph R.R. Co., 38 Mo. 467.) In a common-law proceeding, negligence is a fact necessary to be established by the party alleging the injury. Under the statute, negligence is a presumption or conclusion of law.

The statute is positive that, upon an appeal from a justice of the peace to the Circuit Court, the case must be tried anew upon the same cause of action that was tried before the justice.

It is evident that the whole cause of action was here changed. Instead of a common-law action, it was based on a statutory provision, clothed with new incidents and requiring different proofs. Clark v. Smith, 39 Mo. 498, is precisely in point, and decisive authority in this case.

A question was also raised as to the jurisdiction of the justice's court. The amount claimed was one hundred and seventy dollars,

a sum exceeding the jurisdiction of the justice, unless it came within the provisions of the act of 1861, which was entitled "An act to extend the jurisdiction of justices' courts." That act gives justices of the peace concurrent jurisdiction with the Circuit Courts in all cases where stock is killed or injured by railroads, but expressly declares that all suits commenced under the act shall be before some justice of the township where the injury complained of was committed.

There is no principle of law better settled than that inferior courts not proceeding according to the course of common law are confined strictly to the authority given, and it must appear on the face of their proceedings that they have jurisdiction. It was so held by this court in The State v. Metzger, 26 Mo. 65, and the point was again adjudged at the last October term, 1868. Indeed, it is useless to cite authorities to sustain the position, for such has been the recognized law from the earliest period, and we are not advised of any well-considered case to the contrary. If the action was brought before a justice of the township where the wrong complained of occurred, that fact should have appeared upon the face of the papers in order to confer jurisdiction.

My conclusion is that the judgment should be reversed and the cause remanded. The other judges concur.