IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI.

### FEBRUARY TERM, 1875, AT ST. JOSEPH.

---

GEORGE G. NALL, Respondent, *vs.* THE ST. LOUIS, KANSAS
CITY & NORTHERN RAILWAY CO., Appellant.

1. *Instruction defining character and amount of testimony, etc.*—An instruction
which undertakes to define the character and amount of testimony necessary
to obtain a verdict is wrong.
2. *Railroads—Damages—Inclosed fields—Negligence.*—Where stock is killed on
a railroad track along inclosed or cultivated fields, and the road is not fenced
as required by law, (Wagn. Stat., 310, 11, § 43) the company will be liable,
regardless of the question of negligence.
3. *Railroads—Damages—Venue—Instruction touching, etc.*—In suit against a
railroad company before a justice of the peace, for the killing of stock, where
the statement of plaintiff alleged that the injury occurred in the township
where the justice held his office, and the evidence showed at what point it hap-
pened, *held*, that the statement gave the court jurisdiction of the case; and
the place where the injury occurred having been shown by the testimony, the
Supreme Court will not afterward reverse the case merely because the Circuit
Court refused to instruct that proof of the venue must affirmatively appear in
order to give plaintiff a verdict; and *semble,* that the instruction was itself
objectionable and properly refused.

*Appeal from Clay Circuit Court.*

*D. C. Allen*, for Appellant.

I. It must appear affirmatively from the testimony upon the trial *de novo* in the Circuit Court on appeal from a justice, that the animals were killed or injured in the township wherein the justice resided before whom the suit was brought. Unless this be the case, the Circuit Court has no jurisdiction. (Wagn. Stat., ed. 1872, 1, 9, p. 810, § 3, clause 5.)

II. Wagn. Stat., 520, 521, § 5, relieves a party who sues a railroad company for stock killed or injured on a portion of its railroad not enclosed by a lawful fence, or not in the crossing of any public highway, from proof of negligence, unskillfulness and misconduct, only when such party sues for simply the value of the stock, and the value in such case is all that the party can recover. Under § 43, (Wagn. Stat., 310–11) which entitles plaintiff to double damages, he must prove negligence. And he cannot sue under § 5 and § 43 in the same action. He must elect.

*Dunlap & Austin*, for Respondent.

I. The statement filed with the justice shows that the injuries complained of were done in Gallatin township, Clay county. The transcript of the justice shows that suit was instituted in said township, and before a justice of said township. The return of the officer shows that the writ was served in said township. Thus there can be no question as to the jurisdiction of the justice. (Hansberger vs. Pac. R. R. Co., 43 Mo., 196; Iba vs. The Han. & St. Jo. R. R. Co., 45 Mo., 470; Hudson vs. St. L., K. C. & N. R. R. Co., 53 Mo., 525.)

II. The statement need not allege that defendant failed to exercise due care or diligence. The question of negligence of defendant "cannot arise." (Gorman vs. Pac. R. R., 26 Mo., 452; Clark's Adm'x vs. Han. & St. Jo. R. R. Co., 36 Mo., 220; Tarwater vs. Han. & St. Jo. R. R. Co., 42 Mo. 193.

WAGNER, Judge, delivered the opinion of the court

This was an action commenced before a justice of the peace under the 43d section of the railroad law, for the killing and injury of certain cattle belonging to the plaintiff, by the cars run and operated by the defendant.

The statement filed with the justice alleged that the killing took place in Gallatin township, Clay county, at a place where there was no public road crossing, and where the road ran through inclosed and cultivated fields, and where the same was not fenced, and upon the evidence adduced the justice rendered a judgment for the plaintiff. Defendant then appealed to the Circuit Court, and upon a trial anew the same result followed.

At the trial, the killing and injury to the stock was clearly proved, and also the place where it occurred, and that it was done where the road passed through inclosed and cultivated fields, and no fences were erected. Plaintiff asked for no instructions, but the defendant asked for four, which were all refused, and this refusal constitutes the principal error complained of.

By the first instruction it was declared, that it devolved upon the plaintiff to prove that the damages alleged were inflicted by the trains of the defendant, and if it did not fairly and with certainty appear from the testimony that such was the fact, the finding should be for the defendant. The second instruction was, that it must affirmatively appear from the testimony that the damages alleged were inflicted in Gallatin township, in Clay County, Missouri, and if it does not so appear, then the finding must be for the defendant. The third instruction declared that plaintiff, having sued for double damages on account of the killing or injuring of the animals, and not for the value of the animals killed or injured, must in consequence, to entitle him to recovery, prove that the animals in controversy were killed or injured through the negligence of the defendants; and the plaintiff having failed to prove that in the killing or injuring of said animals there was any negligence, want of caution or misconduct on

the part of the defendant, if defendant it was that did the killing or injuring, the finding of the court must be for the defendant, even if it should be found that defendant's trains inflicted the injury, and that it was done in Gallatin township, Clay county, Missouri. The fourth instruction stated, that to entitle the plaintiff to recover in this action, he must not only prove negligence on the part of the defendant, but he must also prove all the material averments of his statement. These instructions were all objectionable and were rightfully refused.

The first instruction undertook to define the character and amount of testimony necessary to base a verdict upon, and was unauthorized. The second instruction required that it should affirmatively appear that the injuries were inflicted in Gallatin township. The place where the killing or the injury happened was a jurisdictional fact, and to be ascertained by proof like any other fact. The petition stated that it took place in Gallatin township. This gave the justice of the peace jurisdiction of the case, and the evidence showed at what point it happened. The question was for the triers of the fact, and we will not interfere.

The third instruction requires that actual negligence should be found to entitle plaintiffs to recover. Such is not the law. The 43d sec. under which this case was brought, after making it obligatory on the roads to fence their track, provides, that until such fences shall be duly made and maintained, the corporation shall be liable in double the amount for all damages which shall be done by its agents, engines or cars, to horses, cattle, mules or other animals, on said road, etc.; but after the fence shall be duly made and maintained, then the corporation shall not be liable for any such damages, unless negligently or willfully done. As the road had never complied with the law by erecting fences, as it should have done, the question of negligence was not an element in the case. The fourth instruction needs no comment. It requires the proving of negligence which was wholly unnecessary; and then undertakes to tell what shall be proved besides.

The court found the respective values of the cattle killed or injured as alleged in each several statement, and then doubled the amount; and in this we think it was entirely correct.

Let the judgment be affirmed; the other judges concur.