————o————

ARMSTRONG BEATTIE and THOMAS B. WEAKLEY, Respondents, *vs.* EGBERT O. HILL, Appellant.

1. *Practice, civil—Appeal from justice—Inserting names of members in lieu of firm name—Change in cause of action.*—Where suit before a justice is brought in the name of a firm, the cause may be amended on appeal in the Circuit Court, by inserting the names, in full, of the members composing the firm. This is not the introduction of any new parties, and does not change the cause of action, within the meaning of the statute. (Wagn. Stat., 850, ¿ 19.) [House vs. Duncan,—50 Mo., 453—commented on.]

2. *Practice, civil—Instructions—May declare that certain evidence tends to prove particular facts.*—An instruction which tells the jury that they may consider certain evidence as tending to prove a particular fact, but which makes no comment as to its weight or effect, is not for that reason improper.

3. *Practice, civil—Weight of evidence.*—It is not the province of the Supreme Court to weigh testimony in civil actions at law.

*Appeal from Buchanan Circuit Court.*

B. F. Loan, for Appellant.

The cause tried before the justice was a demand, in plaintiffs' favor, against Hill and Weakley. In the Circuit Court it was amended so as to be in favor of Beattie & Weakley, against Hill as sole debtor. This was such a change in the cause of action as the law prohibits. (Wagn Stat., 850, § 18; and see further Clark vs. Smith, 39 Mo., 499; Chouteau vs. Hewitt, 10 Mo., 131; Webb vs. Tweedie, 30 Mo., 488; Brashears vs. Strock, 46 Mo., 221; Elliott

vs. Clark, 18 N. H., 421; Dean vs. Jewell, *Id.*, 340; Powers vs. Sutherland, 1 Duv. [Ky.] 151; Burbage vs. Squires, 3 Metc., [Ky.] 79; Lake vs. Moss, 11 Ill., 589; 13 Ill., 571; Maxcy vs. Padfield, 1 Scam., [2 Ill.] 59; Henckler vs. County Court, of Monroe, *ex rel.*, 27 Ill., 39; Gould vs. Gloss, 19 Barb., 179.)

*Allen H. Vories,* for Respondents.

The amendment was proper. (House vs. Duncan, 50 Mo., 453.)

WAGNER, Judge, delivered the opinion of the court.

This was a suit brought before a justice of the peace on a promissory note, given by defendant Hill to Weakley, and by him assigned to plaintiffs. The note purported on its face to be for two hundred and twenty-five dollars. In the justice's court plaintiff had judgment, and Hill appealed to the Circuit Court.

The suit was brought in favor of Beattie & Co., against both Hill and Weakley, and the firm of Beattie & Co., consisted of Armstrong Beattie and Thomas B. Weakley, who was one of the defendants, and the indorser on the note, so that he was really plaintiff and defendant on the record.

In the Circuit Court the suit was dismissed as to Weakley, and an amendment was made, substituting the names of Armstrong Beattie and Thomas B. Weakley for Beattie & Co., as plaintiffs. To this amendment the defendant objected, but the court overruled the objection, and an exception was saved.

On the trial, the name of the firm and the parties composing it was proved to be in accordance with the amendment. The assignment was also proved, and the signature was admitted to be genuine.

Defendant then introduced evidence tending to show that he only got $150 from Weakley, and that he signed the note in blank, with authority for Weakley to file it up for $150 only; that he did not intend to borrow the money; that

Weakley, at the date of the note, had money in his hands belonging to defendant; that the note was to stand and operate as a receipt when a settlement should be made between defendant and Weakley. Evidence was further introduced tending to show what amount was due defendant on settlement.

On the other hand plaintiff introduced evidence tending to show that defendant signed the note after it was filled up, and that he got the amount the note called for; that no money was due defendant from Weakley on a settlement; that the note in suit was a distinct transaction, and that after the note was given defendant had promised Beattie to pay it and asked for further time, so that he could get a settlement from Weakley in respect to their accounts. There was a verdict and judgment again for the plaintiff.

The first question that we will consider is, the action of the court in making the amendment in reference to parties on the record. The statutory provision is, that the same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court, upon the appeal. (Wagn. Stat., 850, § 18.) The rulings upon the construction of this section have not been entirely harmonious, and the cases cannot be all reconciled with each other.

In Clark vs. Smith (39 Mo., 498), there was an account filed with the justice, charging the defendant with certain hogs, and claiming a balance of $80 as for goods sold and delivered. There was a judgment for plaintiff, for $70 and costs. The case was appealed, and in the Circuit Court an amendment was made, alleging that defendant wrongfully took five hogs, the property of the plaintiff, of the value of fifty dollars, and had not accounted for the same, and asked judgment for fifty dollars damages.

This court held that the amendment was improper, and the cause of action changed. Judge Holmes, who wrote the opinion, said : " Here the cause of action is wholly changed, and the amendment was made for the very reason that the evidence which would support the one would not support the other."

The same principle was affirmed in Hausberger vs. Pacific Railroad (43 Mo., 196). That was an action against the company for killing stock. The original statement filed with the magistrate was in the nature of a declaration at common law, and devolved on plaintiff the burden of proving negligence before he could maintain his action. In the Circuit Court an amendment was made to a complaint under the statute, by which negligence was made an inference or presumption of law, and the plaintiff was relieved of the necessity of proving it, and it was decided that the court committed error; that the cause of action was changed, and instead of a common law action it was turned into a statutory provision, clothed with new incidents, and requiring different proofs.

These cases seem to have been overlooked in Button vs. H. & St. Jo. R. R. (51 Mo., 153), where the complaint was for killing plaintiff's cow, and after an appeal taken, plaintiff was permitted to amend by stating that the killing was negligently done. The judge who delivered the opinion here, said that the cause of action after the amendment was essentially the same as before, but we are inclined to think differently. The case is certainly in conflict with Clark vs. Smith and Hausberger vs. Pacific R. R., and we are of the opinion that they were correctly decided.

House vs. Duncan, (50 Mo., 453) was where the plaintiffs, in their firm name, brought suit upon a promissory note before a justice of the peace. When the case was appealed plaintiff offered to amend by curing the defective statement of their names, and setting out their individual names in full. The court refused to permit this statement to be made, and we held that it was error. No new or different cause of action was proposed to be introduced. The controversy remained the same as it was originally, and the parties were the same, the only difference being that the statement cured a defect in the description of the parties. But there were some remarks made about bringing in new parties, which were not applicable to the facts, and which, upon mature

consideration, I think are hardly sustainable upon a correct construction of the statute.

The facts in this case bring it within the principle actually adjudged in House vs. Duncan. Hill and Weakley were sued as defendants. There is no doubt, under our law, that plaintiffs had a perfect right to dismiss the proceeding against either of the defendants, and go on against the other. After the dismissal against Weakley it was then simply a suit against Hill, the other defendant. Who were the plaintiffs when the suit was brought? Beattie & Co. Who continued the plaintiffs after the dismissal? The same firm. Who composed the firm? Beattie and Weakley. The parties, then, were precisely the same. The suit was brought in the firm name, and that was a defect. The setting out of the names in full cured this defect; but it introduced no new parties, and changed no defense that Hill was entitled to make to the note.

I now pass to a brief examination of the instructions given for the plaintiff. The first relates to signing the note, and is immaterial.

The second was merely to the effect, that if the jury believed from the evidence that Weakley indorsed the note to the plaintiffs, then *prima facie*, they were entitled to recover. This needs no comment.

The third instructed the jury, that if they believed the consideration of the note was only one hundred and fifty dollars, then if they found for the plaintiffs, they should find for that amount. As the jury found for the full face of the note, $225, this instruction needs no remark. It may be entirely thrown out of the case, and regarded as an abstraction.

The fourth instruction was, that if the jury believe from the evidence, that defendant, Hill, had any money in the hands of Weakley, the amount thereof being uncertain, and that he borrowed the money and gave the note in suit until a settlement could be had, and said money so obtained was the funds of the plaintiffs, and not the money of defendant

or Weakley, and that afterwards defendant bought of Weakley his interest in said money or property, which absorbed defendant's money, or if there was an unsettled account between Weakley and Hill and others, on a different transaction from this one, then there was no defense to the note. This instruction appears to me unobjectionable, especially when taken in connection with those given for the defendant.

The fifth instruction declared, that if the jury believed from the evidence, that defendant promised Beattie that he would pay this note as soon as he could get a settlement with Weakley, in the Weakley, Gunn and Dolman matter, then this may be considered by the jury as evidence tending to prove that the whole amount of the note was due. It is argued that the instruction is bad, being a comment on the evidence. But we think not. It simply tells the jury, that they may consider certain evidence as tending to prove a particular fact, but makes no comment as to its weight, or what its effect may be.

For the defendants the court instructed the jury as follows :

1. "If they believe from the evidence, that on the day of the making of the note the plaintiff, Weakley, had in his hands a large sum of money arising from the sale of lots, the property of said Weakley, and defendant Hill and others, and Weakley, Hill and others were owners of a large number of lots of great value, the title to which was in Weakley, who held the title to the lots for sale, and was authorized to sell the lots and collect the money for the benefit of the joint owners, and the defendant's interest in said money exceeded the amount of the money he got of Weakley, and the defendant. at the date of the note, applied to Weakley for $150 of said money, which was paid him by Weakley with the understanding that defendant was to give his note for that sum, which was to be accounted for by the defendant to Weakley, upon settlement of their accounts, and the note was executed for that purpose, then it operated only as a receipt, and the verdict should be for the defendant."

2. "If the jury find from the evidence, that the note in controversy was signed by the defendant Hill in blank, or before the same was filled up and he delivered the same to Weakley and authorized him to fill it up as a note for one hundred and fifty dollars, and no more, and that Weakley afterwards filled the note up for two hundred and twenty-five dollars, the verdict should be for the defendant."

Three other instructions were asked for and refused, but they were mainly assertions of the propositions given in the above, stated in different language, and as the two given comprehended the merits of the whole case, those refused were unnecessary.

The first instruction given for defendant stated the whole theory of his case, and the jury found against him on the facts. From their verdict they must have also found that the note was filled up for two hundred and twenty-five dollars before it was signed, and that the transaction was had as stated in plaintiff's fourth instruction.

The evidence on the trial was contradictory, and evidently one of the parties was mistaken about the facts; but it is not the province of this court to weigh testimony or reconcile differences in facts, in purely legal controversies. That belongs exclusively to the jury; they have passed upon the question, and there being no mis-directions as to the law, we cannot relieve against their verdict.

The judgment must be affirmed; all the judges concur.