RUDOLPH W. BACKENSTOE, Respondent, v. THE
WABASH, ST. LOUIS AND PACIFIC RAILWAY
COMPANY, Appellant.

Kansas City Court of Appeals, December 8, 1885.*

1. PRACTICE—OBJECTIONS TO EVIDENCE NOT URGED IN APPELLATE
COURT—WAIVER OF.—Although specific objections be made to the
introduction of evidence in the court below, yet if these objections
are not made or urged in this court, they will be treated as
abandoned. And where objections are made here, for the first
time, to the competency of evidence, they are unavailing. "By
taking specific grounds of objection which are wrong, the party is
always considered as *waiving* the true ground; and, in effect,
therefore, as not objecting at all." *Dunham v. Simmons*, 3 Hill
(N. Y.) 610.

2. NEGLIGENCE—EFFECT OF VIOLATING ORDINANCE, AS REGARDS PE-
CUNIARY LIABILITY FOR INJURY.—"Negligence may be asserted as a
matter of law, where there has been a breach of law, or a city
ordinance." *Norton v. Ittner*, 56 Mo. 352. The imposition of a
fine, by an ordinance, for running a train at a rate of speed pro-
hibited by the ordinance, did not relieve the one so violating the
ordinance of pecuniary liability for an injury done to another by
so doing. On the contrary the imposition of the fine prohibited
the act, and such prohibition by a valid ordinance, rendered such
an act negligent *per se;* and the one doing the act, liable for all
injury caused thereby.

3. ——— PRACTICE—EVIDENCE—CASE ADJUDGED.—Where all the cir-
cumstances connected with the striking of the animal by defend-
ant's train, including the illegal rate of speed at which said train
was running, were in evidence, the trial court *properly* submitted
to the jury the question as to whether or not the animal was struck
by reason of such illegal rate of speed.

4. DAMAGE ACT—WHERE SUIT MUST BE INSTITUTED, IF BEFORE JUS-
TICE—JURISDICTION.—It has been uniformly held, since the decis-
ion in *Hansberger v. Railroad*, 43 Mo. 196, that the action under
the double liability section of the statute (sect. 809, Rev. Stat.),

[* Certified copy of this opinion was not delivered to the *reporter*
until *September* 2, 1886; after the matter for the twenty-second Mis-
souri Appeals was *in press.* *Reporter.*]

when begun in a justice's court, must be instituted before a justice of *the township in which the injury occurred.* It is a jurisdictional fact, and must appear affirmatively of record; and this fact is essential to be averred and proved at the trial. *Nall v. Railroad,* 59 Mo. 112, *criticized.*

APPEAL from Carroll Circuit Court, HON. JAMES M. DAVIS, Judge.

Certified to Supreme Court of this state as provided in section six of the constitutional amendment creating the Kansas City court of appeals. Judge Hall, being of opinion that the conclusion reached by the majority of the court is in conflict with the decision in *Nall v. Railroad,* 59 Mo. 112, and that said decision has not been directly overruled.

Statement of case by the court.

This was an action instituted before a justice of the peace in Carroll county, Missouri, on the second day of August, 1882, to recover of defendant the sum of one hundred dollars damages, for the alleged killing of a horse on defendant's railroad by one of its trains, on the sixth day of November, 1881, in the township of Egypt, in Carroll county, and within the corporate limits of the town of Norborne. Judgment by default was had against defendant. Upon an appeal to the circuit court a trial *de novo* was had. Upon this trial evidence was introduced by plaintiff, tending to show that he was the owner of the mare killed; that she was worth one hundred dollars; that she was killed about three hundred yards west of the depot at Norborne and about five yards east of the public crossing, and within the defendant's switch limits, and within the limits of the town of Norborne; that the public crossing near which the mare was killed was a very public crossing, over which most of the trade going to Norborne crossed; that three horses were standing about thirty or forty yards north of defendant's track as the defendant's train

approached; that they all "started and ran south of the track at the crossing, two of them got across safe, this mare being behind was cut off by the train and turned east, she ran a few yards on the track before the engine struck her;" that the train was running at the rate of fifteen or twenty miles an hour; that the population of Norborne was, at the time, one thousand or twelve hundred, and that Norborne was organized as a city of the fourth class. The population of Norborne and its organization as a city of the fourth class were testified to orally by plaintiff's witness, Van Trump, without objection by defendant.

Plaintiff offered in evidence section 18, of ordinance number 17, governing the town of Norborne. To the introduction of which ordinance in evidence, the defendant objected for the following reasons:

"Because a city of the fourth class has no authority to pass ordinances regulating the speed of cars.

"Because said ordinance was unreasonable and only subjects the conductor, or engineer, or the person in charge of the train, to a fine."

The defendant's objection was overruled and the said section of the said ordinance was read in evidence.

*Said section 18*, as read by plaintiff, was as follows:

"Section 18. Every conductor or engineer or other person in charge of any railroad train passing through the city of Norborne, who shall run or cause the same to be run at a greater speed than four miles per hour, while passing through the corporate limits of the city, shall be fined not less than five, nor more than ninety dollars for every such offence."

The defendant unsuccessfully demurred to the plaintiff's evidence. The defendant introduced no evidence.

For the plaintiff the court gave the following instructions:

"1. If the jury find for plaintiff, they will assess as damages the value of the animal at the time of the killing, not more than one hundred dollars."

"2.   If the jury find from the evidence that the animal in question was struck by the locomotive or train of defendant running on its road through the town of Norborne, that the train was running at a greater rate of speed than is allowed by the ordinance of said town, to-wit: four miles per hour, *and that the animal was struck by reason of such excessive rate of speed*, then they will find for the plaintiff."

For the defendant the court gave the following instructions:

"1.   The court instructs the jury that the burden of proof is upon plaintiff and it is for him to prove his case by a preponderance of evidence."

"2.   If the jury believe from the evidence that if the train that killed the horse had been run at a rate of speed not greater than four miles an hour, the horse would nevertheless have been killed at said time and place, then they are instructed that the verdict must be for the defendant."

"4.   Although the jury may believe from the evidence that the horse in question was the property of the plaintiff, and that it was run over and killed in the town of Norborne by the engine or cars of defendant, and that the train that thus killed the horse was at the time and prior thereto, running through said town at a rate in excess of four miles an hour, yet the jury are instructed, that the proof of each and all of the foregoing facts will not entitle the plaintiff to a verdict, but the jury must further find from the evidence, that the horse was killed directly in consequence of the fact that the engine and train was run at the rate in excess of four miles an hour and unless the jury so find from the evidence, they are instructed that their verdict must be for defendant."

Judgment was rendered in favor of the plaintiff. The case is here on appeal by defendant.

George S. Grover, for the appellant.

I.   While it was *averred* in the complaint that the animal was killed in Egypt township, Carroll county, Missouri, such fact *was not proved.* It was shown that the animal was killed in the town of Norborne, but it was *not* shown that such town was in Egypt township, in Carroll county. This was a fatal omission, as the place where the killing occurred must be shown in order to confer jurisdiction upon the justice, or upon the circuit court on appeal. No venue was shown, and no jurisdiction was acquired by the court, and the proceedings were void. The court cannot take notice of such jurisdictional facts. *State v. Metzger*, 26 Mo. 65 ; *Hansberger v. Railroad*, 43 Mo. 196 ; *Iba v. Railroad*, 45 Mo. 469 ; *Haggard v. Railroad*, 63 Mo. 302 ; *Barnett v. Railroad*, 68 Mo. 56. And this question may be raised for the first time in this court. *Barnett v. Railroad, supra.*

II.   The court erred in permitting the alleged ordinance of the city of Norborne to be read in evidence, without proof of its passage by the board of aldermen, in the manner required by the statute. Until such proof was made the ordinance was not admissible in evidence. Sects. 4946 and 4950, Rev. Stat., p. 984 ; *Inhabitants of Butler v. Robinson*, 75 Mo. 192 ; *City of Alton v. Ins. Co.*, 72 Ill. 328 ; *Schott v. People*, 89 Ill. 195.

III.   Nor was it competent to prove *by parol* that Norborne was incorporated as a city of the fourth class. Such fact, if true, could only be shown by the record unless the loss or destruction of the record had been proved. Sects. 4385, 4946, 4950, Rev. Stat.; *Volger v. Heidel*, 60 Mo. 284 ; *Washington Co. v. Railroad*, 58 Mo. 372 ; *Maupin v. Franklin Co.*, 67 Mo. 327 ; *Brackett v. Brackett*, 61 Mo. 221 ; *Mabley v. Nave*, 67 Mo. 327 ; *Schott v. People*, 89 Ill. 195.

IV.   The demurrer to the evidence should have been sustained. The burden of proof was upon the plaintiff

to show that the actual negligence of defendant caused the injury, and no attempt was made to prove such fact, or, that the speed of the train caused the injury. Under such circumstances, it was the duty of the trial court to instruct the jury to find for defendant. Such has been the uniform rule in this state as to statutory actions; and it applies with equal force to this action, as the plaintiff relies for recovery upon a municipal by-law which is in the nature of a penal statute. *Holman v. Railroad*, 62 Mo. 562; *Wallace v. Railroad*, 74 Mo. 594; *Braxton v. Railroad*, 77 Mo. 555; *Stepp v. Railroad*, Supt. Ct. Mo. (not yet reported).

V. There was no authority given by the *ordinance* to institute or maintain this action against defendant. It simply contemplates a criminal proceeding against the men named in the ordinance as for a misdemeanor, and cannot be construed to authorize a civil action sounding in tort, or to create a pecuniary liability. *Dunlap v. Knapp*, 14 Ohio St. 64; *Tingle v. Railroad*, 60 Iowa, 333.

VI. The court erred in giving and refusing instructions.

HALE & SONS, for the respondent.

I. If it is stated in the petition that the killing was done in the township where the suit was brought, it is sufficient to give the court jurisdiction. The *statement* says that the killing was done in the town of Norborne, in Egypt township, and within the switch limits. The *proof* is that the killing occurred in the town of Norborne and within the switch limits; it will be assumed, after verdict, that the killing was done in the township. The court acquires jurisdiction by the allegation in the petition. The jury were authorized to assume from the facts proven that the killing was in the township, especially where no question of the sort is raised. *Barnett v. Railroad*, 68 Mo. 56.

II. The objection to the reading of the ordinances

of the town of Norborne and to the proof that it was a city of the fourth class, were not made in the court below, and cannot be made now for the first time. Parol testimony that the town of Norborne was *acting* as a city of the fourth class is *prima facie* sufficient, even if the objections had been made in the court below; and our statutes make the printed copy of the ordinances of a town purporting to be published by authority, etc., evidence. See sect. 2287, Rev. Stat.

III. The demurrer to the evidence involves the whole case on plaintiff's testimony, and if there was any evidence to sustain plaintiff's case, the court did right in refusing it.

IV. A municipal ordinance, framed or enacted by a municipal corporation, regulating the rate of speed through such town or city, is valid, if there were provisions in the law authorizing it, and a violation of such ordinance is negligence *per se*. *Powell v. Railroad*, 76 Mo. 80; *Mahon v. Railroad*, 64 Mo. 267. Section 2940, Revised Statutes, confers ample authority on cities of the fourth class to pass such ordinances. The fact that the ordinance imposes a *fine* for its violation by the conductor or engineer certainly does not make the act of violating the ordinance (by running at a rate of speed prohibited by it), any the less unlawful. The fact that a fine is imposed makes it unlawful.

V. The evidence in this case is sufficient to show *actual negligence* in the running of the train, which contributed to and caused the death of the animal.

GEO. S. GROVER, *in reply.*

I. The transcript must show that the killing occurred within the township where the suit was brought. And this objection may be raised for the first time in this court. *Barnett v. Railroad*, 68 Mo. 56. In order to confer jurisdiction it is essential to aver and prove this fact. *Mitchell v. Railroad*, 82 Mo. 106.

II. In order to lay the foundation for the introduc-

tion in proof, of a municipal ordinance, it must be shown that the municipality had the authority to pass it.   While no objection was made to the parol evidence offered the demurrer to the evidence raised the entire question as to its sufficiency.

III.   The burden of proof in this action was upon the plaintiff to show that the actual negligence of defendant caused the injury.   Where the evidence is insufficient to support a verdict the trial court should direct a verdict for defendant.   *Powell v. Railroad*, 76 Mo. 84.

I.

HALL, J.—The defendant asks that the judgment of the circuit court be reversed for the reason that it was not shown by the evidence that the horse was killed in Egypt township, the township in which the suit was brought.

The statement alleged that the horse was killed within defendant's switch limits, in the town of Norborne, in Egypt township, in Carroll county.   The evidence showed that the horse was killed within the switch limits, in the town of Norborne.   The evidence was sufficient to authorize the jury to infer that the horse was killed in Egypt township, and in Carroll county.   I thus hold, controlled, as I feel myself to be by the authority of the case of *Nall v. Railroad* (59 Mo. 115) ; in which case Wagner, J., said : "The second instruction," asked by defendant and refused by the court below, "require that it should affirmatively appear that the injuries were inflicted in Gallatin township.   The place where the killing or injury happened was a jurisdictional fact, and to be ascertained by proof like any other fact.   The petition [statement before the justice] stated that it took place in Gallatin township.   This gave the justice of the peace jurisdiction of the case, and the evidence showed at what point it hap-

pened.  The question was for the triers of the fact, and we will not interfere.''

## II.

In this court the defendant makes certain points which it is not in a position to make.  In the court below the defendant made two specific objections to the introduction in evidence of the ordinance read by plaintiff.  Those objections are not made or urged in this court, and will be treated as abandoned by the defendant.  But objections other than those just referred to, are made here by defendant, for the first time, to the competency of said ordinance as evidence.  Those objections cannot now be made by defendant.  " By taking specific grounds of objection which are wrong, the party is always considered as waiving the true ground ; and, in effect, therefore, as not objecting at all.''  *Dunham v. Simmons*, 3 Hill, 610.  Nor can the defendant for the first time object to the competency of the parol evidence, introduced by plaintiff, that the town of Norborne was organized as a city of the fourth class.  No such objection was made in the trial court.  None can be made in this court.

## III.

"Negligence may be asserted as a matter of law, where there has been a breach of law or a city ordinance.''  *Norton v. Ittner et al.*, 56 Mo. 352 ; *Karle v. Railroad*, 55 Mo. 476.

Section 18 of the ordinance read, prohibited the running of a railroad train through the corporate limits of Narborne at a greater rate of speed than four miles per hour, by imposing a penalty upon any one so doing.  The imposition of a fine by the ordinance, upon any one for so running a railroad train, did not relieve such one of pecuniary liability for an injury done to another by so doing.  But, on the contrary, the imposition of the fine prohibited the act to be punished by the fine ; and the

prohibition of the act, by a valid ordinance, rendered such an act negligent *per se*, and the one doing the act liable for all injury caused thereby. Cases cited above.

## IV.

The defendant contends that, "There was no proof whatever that the animal was struck by reason of the excessive rate of speed." On the contrary, all the circumstances connected with the striking of the animal by defendant's train, including the illegal rate of speed at which said train was running, were in evidence, and the trial court properly submitted to the jury the question as to whether or not the animal was struck by reason of such illegal rate of speed. *Apitz v. Railroad*, 17 Mo. App. 419.

Judges Philips and Ellison concur, except as to the first point, from which they dissent, as explained in their separate opinion attached hereto.

### SEPARATE OPINION OF THE MAJORITY OF THE COURT BY PHILIPS, P. J.

I am of opinion that the demurrer interposed by defendant to the evidence should have been sustained. The evidence, I think, wholly failed to show that the injury in question occurred in Egypt township.

It has been uniformly held, since the decision in *Hansberger v. Pacific Railroad* (43 Mo. 196), that the action under the double liability section of the statute, when begun in a justice's court, must be instituted before a justice of the township in which the injury occurred. It is a jurisdictional fact, and must appear affirmatively of record.

In the case of *Mitchell v. Railroad* (82 Mo. 106), it was expressly held that this fact was not only essential to be averred, but, as a necessary sequence, it should also

be proved at the trial; and because of the absence in the record of such proof, the case was reversed and remanded. This ruling was followed subsequently, at the same term, in a case between the same parties.

In the record in the case here under consideration, there is not one word of evidence to show that this injury occurred in Egypt township, unless it can be maintained that the jury might infer the fact from the proof that it occurred in the town of Norborne. How the jury trying this case at Carrollton, the county seat, could draw the conclusion that Norborne is in Egypt township is not comprehensible within the rules of evidence. These township lines are made and unmade at the discretion of the county courts. The courts would not take judicial cognizance that Norborne was in Egypt township. How then could a jury infer it? There is no necessary connection between the fact proved and the fact inferred.

The court did not submit, even, the question to the jury whether or not Norborne was in Egypt township; for the second instruction given for plaintiff directed the jury, that if they found the injury was done in the town of Norborne that was sufficient, as to the *locus in quo*, to warrant the verdict for plaintiff.

I confess it is difficult to reconcile the opinion of Wagner, J., in *Nall v. Railroad*, 59 Mo. 112, with what is here said. If it was intended to hold that because the statement alleged that the injury occurred in the given township that was sufficient, without more, to maintain the verdict, it is in direct conflict with repeated decisions, in effect, of the supreme court, and especially with that of *Mitchell v. Railroad, supra*. He states that the place where the injury occurred was clearly proved, and that the evidence showed at what point it happened, and the question was for the triers of the fact. If so, it is curious that he should have justified the action of the trial court in refusing an instruction which submitted that identical question to the jury to be found.

If he meant to say there was proof of a certain fact or facts from which the jury might reasonably have inferred the essential fact, it is more singular that he should make the inference for the jury in order to maintain their verdict. The fact should have been left to the jury to be found; but by refusing the second instruction the trial court, in effect, held that it was not necessary to find such fact to authorize a verdict for plaintiff. If this be a correct construction of the learned judge's opinion, it is in conflict, in my opinion, with the latter decisions of the supreme court, as well as sound principles of law, founded on the established rules of pleading, practice and evidence.

I, therefore, hold that the judgment of the circuit court should, on this account, be reversed and the cause remanded. In this opinion Ellison, J., concurs. Hall, J., being of opinion, as stated in his separate opinion, that the conclusion reached by the majority of the court is in conflict with the decision in *Nall v. Railroad, supra,* and that said decision has not been directly overruled, it is ordered, that this cause, together with the transcript and these opinions, be certified to the supreme court of this state, as provided in section six, of the constitutional amendment, creating the Kansas City court of appeals.