COQUARD, *Appellant*, v. WERNSE *et al.*

1.  **Sale**: RECEIPT: CONTRACT.  A receipt from defendants to plaintiff for four hundred shares of stock in a certain company, said shares being a part of and included in a certificate for a thousand shares, in which it is assumed that plaintiff became the owner of his shares in some way, and by which defendants agree only to forward the certificate to the company for the purpose of procuring a transfer and new certificate, constitutes defendants bailees only for the purpose named in the receipt, and is not a contract of sale of such shares by defendants to plaintiff with an agreement to deliver a new certificate within a reasonable time.

2.  **Practice**: CONFLICT OF EVIDENCE.  Where the evidence upon an issue is conflicting and no instructions are asked, the finding of the trial court will not be reviewed upon appeal.

*Appeal from St. Louis City Circuit Court.* — HON. L. B. VALLIANT, Judge.

AFFIRMED.

*H. A. Clover* for appellant.

(1)  Where parties have entered into a contract, if one declines or is unable to execute, the other may disaffirm the contract and recover back the consideration which he has paid thereon. *Lawrence v. Knowles*, 5 Bing. N. C. 399; *Judson v. Waas*, 11 Johns. 525; *Green v. Green*, 9 Cow. 46; *Caswell v. Black River M. Co.*, 14 Johns. 453; *Ellis v. Hoskins*, 14 Johns. 363; *Tucker v. Wood*, 12 Johns. 190.  (2)  Where the contract is silent as to the time of performance, the law infers an engagement that it shall be executed within a reasonable time. Chitty on Contracts, 796 and note.  The law adds the term, to be delivered within a reasonable time.  *Fitzgerald v. Hayward*, 50 Mo. 516.  What is a reasonable time, within which a contract is to be performed where the contract is silent as to the subject, is a question of law. *Atwood v. Clark*, 2 Greenl. 249; *Hill v. Hobart*,

16 Maine, 164; *Howe v. Huntington,* 15 Maine, 350; *Kingsley v. Wallis,* 14 Maine, 57; *Murray v. Smith,* 1 Hawks, 41. What is a reasonable time, it appears, will depend on the particular case and its circumstances. Bishop on Cont., sec. 182; *Kingsley v. Wallace, supra.* (3) The contract given in evidence requires no construction; both parties to it agree as to its meaning, that it was a purchase of shares of stock by plaintiff, certificate wherefore was to be delivered, and the tender of performance made by defendants in their amended answer admitted the contract as pleaded by plaintiff. Chitty, Contracts, 886; *Giles v. Hartis,* 1 Ld. Raym. 254; *Cox v. Parry,* 1 T. R. 464; *Watkins v. Towers,* 2 T. R. 275; *Baillie v. Cazelet,* 4 T. R. 579; *Hume v. Peploe,* 8 East, 168. (4) The offer to deliver the stock made months after the disaffirmance of the contract by plaintiff, and long after the commencement of the suit, and but a day or two previous to the day of the trial of the cause, cannot avail the defendants. Where a right of action has accrued for the non-delivery of an article agreed to be delivered in a certain event such right is not defeated by a subsequent tender. Chitty, Contracts, 905; *Gould v. Banks,* 8 Wend. 563; *Buck v. Burk,* 18 N. Y. (4 Smith) 337; *Bank v. Bank,* 5 Pick. 107; *Dewey v. Humphrey,* 5 Pick. 187; *Maynard v. Hunt,* 5 Pick. 240. (5) The court should have declared, as a matter of law, that the time within which defendants offered to deliver the certificate of stock was not a reasonable time.

*Geo. W. Taussig* for respondents.

There was no evidence to support the instruction asked by plaintiff. Defendants were acting in this transaction without compensation or hope of compensation. They paid for their part of the one thousand shares and expenses precisely the same sum as Coquard and the other brokers. They assumed gratuitously the additional task of forwarding this peculiarly worded

certificate to Washington, in order that it might be divided into certificates for smaller numbers of shares, and they agreed to deliver the new certificates as soon as received. This receipt, or contract, has been complied with by defendants most precisely. In thus gratuitously accepting the custody of the certificate, defendants were its bailees with the very lowest degree of responsibility. *Wiser v. Chesley*, 53 Mo. 547; *Kincheloe v. Priest*, 89 Mo. 240.

BLACK, J.—The plaintiff Coquard brought this suit against Wernse and Dieckman to recover $2805.32, that being the amount which he paid them for four hundred shares of stock in the Pan Electric Telephone Company, on the ground that they failed to deliver the stock within a reasonable time after the purchase.

The evidence for the plaintiff is to the effect that, after some conversations between himself and the defendant Wernse, he agreed to take four hundred shares of the stock, and then paid defendants therefor the sum of $2805.32, and received from them the following receipt:

"Received of L. A. Coquard, January 25, 1886, St. Louis, Missouri, four hundred shares of Pan Electric Company Telephone stock, Parent Company. The same is included in a certain certificate of said company, numbered 29, for one thousand shares, dated April 30, 1866, issued to R. F. Looney; we agree to forward the same to Washington, District of Columbia, for the purpose of transfer, and agree to deliver new certificate to him as soon as received.

                          "WERNSE & DIECKMAN.

"Four hundred shares at seven dollars......$2800 00
"Expenses.................................    5 32"

The plaintiff made repeated demands for a certificate for the four hundred shares, and finally, on the second of March, 1886, made a formal demand for a certificate, or a return of the purchase price with interest.

The evidence for the defendants is to the effect that James Edwards had for sale a certificate for one thousand shares of Pan Electric Telephone stock, and finally proposed to take seven dollars per share.   Wernse says Coquard was to take four hundred shares, J. & J. Taussig two hundred shares, Wernse & Dieckman two hundred shares, A. J. Weil one hundred shares and James Edwards one hundred shares; that the certificate for the one thousand shares was handed to him, and he saw it contained a provision to the effect that it was not transferable, except with the consent of the president and secretary of the company; that he showed the certificate to plaintiff, who said he was satisfied the company could not enforce the clause; and that it was after this that the plaintiff paid the money and received the receipt from Wernse & Dieckman.   He says:   "We got the one thousand shares at seven dollars per share, all of us together.   We all bought it together, as I understood it."   Plaintiff says he did not see the certificate until after he had purchased and paid for the four hundred shares.

Defendants received the money from the persons above named and paid it over to the person from whom the certificate for the one thousand shares was purchased, reserving no fee as compensation.   They then sent the certificate to the company at Washington, District of Columbia, with a request that new certificates be issued to the various purchasing parties, but the company declined to consent to the transfer, and it was not until February, 1887, that a certificate for the four hundred shares could be procured in the name of the plaintiff.   He then declined to accept the stock.

The plaintiff asked, and the court refused to give, this instruction:   "And the court further declares that, by the terms of said paper given in evidence, the same constituted a contract between plaintiff and defendants, whereby defendants sold to plaintiff four hundred

shares of the capital stock of the Pan Electric Telephone Company to be delivered in a new certificate as soon as received, but within a reasonable time."

The contract, or receipt, simply states that the defendants received from the plaintiff four hundred shares of stock included in the certificate for one thousand shares, which is described. It assumes that plaintiff had in some way become the owner of the four hundred shares, and the defendants thereby agree and only agree to forward the certificate to Washington for the purpose of procuring a transfer and new certificates. By it the defendants constitute themselves bailees only for certain purposes which are clearly specified. The receipt does not profess to set out the terms of any sale. The instruction was, therefore, properly refused.

The terms of sale can only be ascertained by a resort to the parol evidence, and that evidence is conflicting. On the one hand it tends to show a sale of four hundred shares by defendants to plaintiff for twenty-eight hundred dollars, and a failure of defendants to deliver the stock. On the other hand, it tends to show that the plaintiff purchased a specified interest in the particular certificate, and that he got all he contracted for. No instructions were asked upon this parol evidence, and there is, therefore, nothing further before us for review. The judgment, which was for defendants, is affirmed. BARCLAY, J., not sitting; the other judges concur.