C. C. WENZELL, Respondent, v. MAX ERATH, Appellant.

Kansas City Court of Appeals, March 7, 1892.

1.   **Justices' Courts:** AMENDMENTS ON APPEAL.   Whether after appeal plaintiff may in the circuit court amend his account by adding additional items, *quœre*.   If he may not, the amendment in this case was harmless error.

2.   **Practice, Appellate:** INSTRUCTIONS: EVIDENCE.   If appellant does not ask declarations of law, and there is any evidence to support the verdict, the appellate court will affirm the judgment.

*Appeal from the Jackson Circuit Court.*—HON. RICHARD H. FIELD, Judge.

AFFIRMED.

*Crysler, Sherlock & Stearns,* for appellant.

( 1 ) Only a suit for the value of the furniture sold and delivered was tried before the justice. It was error to permit the plaintiff to incorporate a cause of action in his suit by amendment in the circuit court for work and labor done and materials furnished, which was not sued for or tried before the justice. R. S. 1889, sec. 6345 ; *Webb v. Tweedie,* 30 Mo. 488 ; *Beattie v. Hill,* 60 Mo. 72. ( 2 ) As the case was an appealed case from a justice of the peace, where no formal pleadings are required, the defendant had the right to move to strike out the cause of action not tried before the justice, or to object to any evidence in support of it at the trial. He chose the latter. R. S. 1889, sec. 6138. And the court erred in not sustaining his objections. ( 3 ) The verdict of the jury was against the evidence, and against the weight of the evidence, and was such as to shock the sensibilities of any unbiased or uninterested person, and such will appear even from a casual reading thereof, and the court erred in allowing it to stand. *Clark v. Fairley,* 30 Mo. App. 335.

*S. F. Johnson,* for respondent.

·( 1 ) It is not the province of the appellate court to weigh the testimony or reconcile differences in fact in purely legal controversies. That belongs exclusively to the jury. They have passed upon the facts. *Beattie v. Hill,* 60 Mo. 72-8 ; *Parkinson v. Caplinger,* 65 Mo. 290 ; *State v. Zorn,* 71 Mo. 415 ; *Ingle v. Mudd,* 86 Mo. 216 ; *Webb v. Webb,* 87 Mo. 540 ; *Bank v. York,* 89 Mo. 369 ; *State v. Hurt,* 89 Mo. 590 ; *Pike v. Martindale,* 91 Mo.

268; *Rothschild v. Railroad,* 92 Mo. 91; *Avery v. Fitz-gerald,* 94 Mo. 207; *Schad v. Sharp,* 94 Mo. 573; *Caruth v. Richeson,* 96 Mo. 186; *Eswin v. Railroad,* 96 Mo. 290; *St. Louis v. Lanigan,* 97 Mo. 175; *Wire Co. v. Hall & Co.,* 97 Mo. 289; *State v. Glahn,* 97 Mo. 679; *State v. Nelson,* 98 Mo. 414; *Krider v. Milner,* 99 Mo. 145. (2) If the appellant fails to ask instructions in an action at law, and there is substantial evidence to support the verdict, the judgment will be affirmed. *Tyler v. Larimore,* 19 Mo. App. 445; 10 Mo. App. 226; 12 Mo. App. 466; *Thies v. Garbe,* 88 Mo. 146; *Taylor v. Cayce,* 97 Mo. 242; *Coquard v. Wernse,* 100 Mo. 137. (3) The appellate court will not reverse a judgment of any court on account of harmless error, or where error is made harmless by *remittitur.* R. S. 1889, sec. 2303; *Hunter v. Miller,* 36 Mo. 143; *State ex rel. v. Edwards,* 78 Mo. 473; *Valle v. Picton,* 91 Mo. 207; *Callihan v. Morse,* 37 Mo. App. 189; *Conrad v. Fisher,* 37 Mo. App. 352; *Street v. Hayward,* 37 Mo. App. 585; *Conrades & Co. v. Spink,* 38 Mo. App. 309; *State ex rel. v. Crowder,* 40 Mo. App. 536; *Lewis v. Curry,* 74 Mo. 53, par. 5; *Hoskins v. Adkins,* 74 Mo. 541, par. 5; *Clovins v. Gil-liland,* 73 Mo. 524; *Johnston v. Morrow,* 60 Mo. 339; *Miller v. Hardin,* 64 Mo. 545; *Clark v. Bullock,* 65 Mo. 355; *Loyd v. Railroad,* 53 Mo. 590; *Phillips v. Evans,* 64 Mo. 17; *Nelson v. Foster,* 66 Mo. 384; *Walter v. Railroad,* 87 Mo. 37; *Gordon v. Eans,* 97 Mo. 587; *Rothschild v. Railroad,* 92 Mo. 91.

SMITH, P. J.—Plaintiff sued the defendant before a justice of the peace on an account for goods sold and delivered, amounting to $176. The defendant filed a counterclaim amounting to $200.39. The case was removed by appeal to the circuit court where the plaintiff had leave to amend his account by adding thereto three items for labor and materials furnished, amounting to $8.

At the trial the defendant objected to the introduction of any evidence as to the three items in the plaintiff's account just mentioned, on the ground that they were not contained in the statement upon which the cause was tried before the justice, which objection being overruled, · defendant duly excepted.    The plaintiff's account, except as to the items added thereto by the amendment, was admitted.    The plaintiff gave the defendant credit on his account for the sum of $110.39 of the amount of the counterclaim of the latter.    The case without instructions was submitted to the jury on the evidence adduced, whose verdict was for the plaintiff for $73.61.    The defendant filed a motion for a new trial pending which the plaintiff entered a *remittitur* in the sum of $8, the amount of the three disputed items of his account.    The court thereupon tendered judgment on the verdict for $65.61, and to reverse which defendant has appealed.

It may be that under the provisions of the statute, Revised Statutes, sections 6345, 6347, it was improper to allow the amendment of plaintiff's statement or the introduction of any evidence in support thereof, which we do not wish to be understood as deciding.    *Sprague v. Follett*, 90 Mo. 547; *Clark v. Smith*, 39 Mo. 498; *Hansberger v. Railroad*, 43 Mo. 196; *Beattie v. Hill*, 60 Mo. 72; *Thieman v. Goodnight*, 17 Mo. App. 429. Nor is it necessary that we should so decide one way or the other, since, if the action of the court was error, it was manifestly rendered harmless by the *remittitur*.

We are positively forbidden by the statute to reverse a judgment of any court unless we believe that the error committed materially affects the merits of the action.    R. S., sec. 2302.    It may be further observed that the rule is now well settled in this state that if the party appealing would have the cause reviewed he must ask declarations of law of the lower courts; if he does not do so, and there is any evidence to support the verdict, the appellate court will affirm the judgment.

*Tyler v. Larimore*, 19 Mo. App. 445; *Kalbaum v. Roepke*, 27 Mo. 161; *Easly v. Elliott*, 43 Mo. 289; *Cunningham v. Snow*, 82 Mo. 587; *Harrington v. Snow*, 80 Mo. 270; *Thies v. Gabbe*, 88 Mo. 146; *Taylor v. Cayce*, 97 Mo. 242; *Coquard v. Werne*, 100 Mo. 137.

As there was evidence to support the verdict and no instructions, it follows that under the rule just mentioned it inevitably follows that the judgment must be affirmed. All concur.