## L. F. THIEMAN ET AL., Respondents, *v.* G. G. GOODNIGHT, Appellant.

### April 13, 1885.

1. APPEAL FROM JUSTICES—AMENDMENT OF BILL OF ITEMS OR STATEMENT OF PLAINTIFFS' CAUSE OF ACTION.—SECTION 3060, OF JUSTICES' COURTS, REVISED STATUTES OF MO., 1879, CONSTRUED.—In case of appeals from justices' courts, prior to the revision of 1879, it was not competent to bring in *other parties* by amendment in the circuit court.—*Beattie* v. *Hill*, 60 Mo. 75; disavowing *Howe* v. *Duncan*, 50 453 Mo. as *obiter*. Neither does section 3060 Revised Statutes, 1879 (Justices' Courts) authorize such amendment. Said section is as follows: "In all cases of appeal the bill of items of the account sued or the statement of plaintiff's cause of action may be amended upon appeal in the appellate court, to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted, but no new item or cause of action not embraced or intended to be included in the original account or statement shall be added to such amendment." This is limited to the *plaintiff's* cause of action, and the amendment authorized is only "to supply any defi-

ciency or omission" in the original statement; it is not to make a *new cause of action,* but to perfect one imperfectly stated in the justice's court. The qualification immediately following the right of amendment shows that the section was not designed to give any more extended right of amendment.

2. Contract—One which is Entire cannot be Halved or Subdivided.—A joint contract and jointly executed cannot be halved or subdivided, but is indivisible and cannot be split into parts, so that each of the joint parties may sue for his supposed interest or share. "A contract with several persons, for the payment to them of a sum of money, is a joint contract with all, and all the payees therein have a joint interest, so that no one can sue alone for his proportion."—1 Parsons on Contracts (7th ed.) 13; Bliss on Pleading, sect. 63; *Rainey* v. *Smizer,* 28 Mo. 310.

Appeal from Johnson Circuit Court, Hon. Noah M. Givan, Judge.

*Reversed and remanded with directions.*

The facts are sufficiently stated in the opinion.

S. G. Kelley and Wm. H. Brinker, for the appellants.

I. The court erred in overruling defendant's motion to strike out the amended complaint and in refusing to dismiss the cause, for the paper filed before the justice did not state facts sufficient to constitute a cause of action nor did it comply with the statute.—Revised Statutes, 1879, sect. 2851; *Brashears* v. *Strack,* 46 Mo. 221; *Swartz* v. *Nicholson,* 65 Mo. 508; *Gist* v. *Loring,* 60 Mo. 487.

II. The court erred in permitting plaintiff to amend by bringing in new parties plaintiff in the circuit court, for it made a different cause of action.—Revised Statutes, 1879, sect. 3058; *Beattie* v. *Hill,* 60 Mo. 72; *Gist* v. *Loring, supra.* This amendment violates sect. 3060 of Revised Statutes, 1879, for it embraces a new cause of action, in favor of the plaintiffs other than Thieman, which was not in contemplation in the suit before the justice.

III. There is a total failure of proof, and the first declaration of law asked by defendant should have been given.—*Pier et al.* v. *Heinrichoffen,* 52 Mo. 33; sect. 3702 Revised Statutes, 1879.

IV. The third declaration of law asked by defendant should have been given. There was a complete revoca-

tion of the offer of reward.—*Loring* v. *Boston,* 7 Metcalf
56; *Harson* v. *Pike,* 16 Ind. 140; *State* v. *Auditor,* 61 Mo.
263; *Shuey* v. *United States,* 2 Otto (U. S.) 73.

V. The judgment should be reversed for error commit-
ted by the court in refusing to declare the law as asked
by defendant in *fourth* and *fifth* instructions. There
was no contract, for both parties did not assent to its
terms.—*Howland* v. *Lownds,* 51 N. Y. 694; 10 Am. Re-
ports 654; *Fitch* v. *Snedaker,* 38 N. Y. 248; *Ball* v. *New-
ton,* 7 Cush. (Mass.) 599; *Johnson* v. *Fessler,* 7 Watts 48;
*Brown* v. *Rice,* 29 Mo. 322; *Tuttle* v. *Love,* 7 Johns. 470;
*Esmay* v. *Gorten,* 18 Ill. 483.

O. L. HOUTS, for the respondents.

I. Under the facts respondents were entitled to re-
cover, and it can make no difference what instructions
were given or refused.—*Hayden* v. *Songer,* 26 Am. Re-
ports 1; *Russell* v. *Stewart,* 44 Vermont 170; Story on
Contracts, sect. 380. Knowledge of the offer of a reward
before services rendered is not essential to recovery.—
*Hayden* v. *Songer,* 26 Am. Reports and note and authori-
ties cited therein. The revocation of the offer of reward
would not affect plaintiffs' right of recovery because they
had no knowledge thereof before the services were ren-
dered.

II. Since the amendment of the statute incorporated
in the revision of 1879, under which the case was tried, it
is submitted that there can be no doubt of the right of
the respondents to file the amended petition.—Revised
Statutes, Mo., 1879, sect. 3060; *Webb* v. *Robertson,* 74
Mo. 380; *Allen* v. *McManagall,* 77 Mo. 478; *Butts* v.
*Phelps,* 79 Mo. 302; *Boulware* v. *R. R. Co,* 79 Mo. 494.
The amendment could have been made in the justice's
court.—Revised Statutes, 1879 sect. 3060. Practice in cir-
cuit court provides for amendments of the same kind.
—Rev. stat., sects. 3567 and 3568. It further provides that
in appeal from justice's court, the cause shall be tried
anew without regard to errors committed before the jus-
tice.

III. The cause of action was not changed by the

amendment. The cases cited by appellant are not applicable, their facts being wholly unlike the facts in this case.

Opinion by PHILIPS, P. J.

This action was instituted in a justice's court by the plaintiff, L. F. Thieman, and was based on the following statement filed with the justice:

"CONCORDIA, Mo., Dec. 1st, 1881.

"Mr. George G. Goodnight,

Dr. to Louis F. Thieman, October 1st, 2nd, 3rd, 1881, to arresting Edward Easley, alias Sam. White, a fugitive from justice, twenty-five dollars ($25)."

On trial before the justice there was a verdict and judgment for defendant, from which the plaintiff duly prosecuted his appeal to the circuit court. In the circuit court the plaintiff was permitted, against the objection of the defendant, to file an amended statement by adding the name of Uriah Farrell and William B. Taggart as co-plaintiffs. This amended statement then proceeded as follows:

"Plaintiffs for amended petition state that during the year 1881 a certain horse, the property of defendant, was stolen. That defendant afterwards offered and promised to pay to any one the sum of twenty-five dollars for the arrest or capture of the thief, person or persons, that stole said horse. That afterwards, in consideration of said offer and promise, on or about October 1st, 1882 [1881], plaintiff captured, arrested and detained one Edward Easley, alias Sam. White, as and who was the thief and person who stole said horse, and the person for whose arrest and capture plaintiff [defendant?] offered to pay the said sum of twenty-five dollars. Plaintiffs state they have demanded of defendant payment of the said sum; that it had been refused. Wherefore plaintiffs ask judgment for the said sum with interest and costs."

The cause was then tried before the court without the intervention of a jury. The court found the issue for the plaintiff and rendered judgment accordingly for the

amount of the reward. From this judgment the defendant prosecutes this appeal.

I. Several questions are presented by this record which have been extensively argued by counsel, but there lies at the very threshold of the controversy one question, which, if determined adversely to the respondents, will conclude this case, without passing on the others. This question is, the right of plaintiff, Thieman, to amend his cause of action in the circuit court by adding the names of the other plaintiffs as parties.

Section 3058 of Revised Statutes declares that: "The same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court upon the appeal."

There is little room for doubt that the statute, as understood by the profession and interpreted by the courts prior to the revision of 1879, did not recognize the right of amendment on appeal by substituting or adding new parties, as was done in this case. It is true that Wagner, J., in *Howe* v. *Duncan* (50 Mo. 453), seemed to think that it was permissible on appeal from a justice's court: "Whenever it may be necessary to the determination of a controversy to have other parties, the court may order them brought in by amendment." But in the later case of *Beattie* v. *Hill* (60 Mo. 75), the same learned judge pronounced said enunciation in *House* v. *Duncan*, as a mere *obiter dictum*, "which upon mature consideration" he did not deem "sustainable upon a correct construction of the statute." In this latter view we concur; and it must control this decision, unless some later legislative enactment has altered the law in this respect. Counsel for respondents contend that section 3060, incorporated for the first time in the revision of 1879, authorized the amendment. Said section is as follows: "In all cases of appeal the bill of items of the account sued on—or the statement of plaintiff's cause of action—may be amended upon appeal in the appellate court, to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted, but no new item or

cause of action not embraced or intended to be included in the original account or statement, shall be added to such statement, etc."

The well understood purpose of this amendment of the statute gives little countenance to the construction contended for by respondents. As it is an innovation upon or enlargement of the former rule of practice, its operation is not to be extended beyond its obvious import.

It is observable from the phraseology that it is only "the statement of *the plaintiff's cause* of *action*" which "may be amended upon appeal in the circuit court." It is not any other person's cause of action. And further, the amendment authorized is only "to supply any deficiency or omission therein" that is, in the original statement. It is not to make a new cause of action, but to perfect one imperfectly stated in the justice's court.

There is not one word about adding new parties and bringing them in by amendment. It was not intended that where A sues in a justice's court on a contract alleged to have been made between him and the defendant, he might on appeal amend by adding the name of B and C and allege a contract made with them by defendant. The qualifications immediately following the right of amendment shows that the section was not designed to give any such extended right of amendment. "But no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment." What was the cause of action sued on in the justice's court? In effect it was this: That the defendant had hitherto made a written proposal to pay the sum of $25.00 to any one who should accept it and make the arrest of the person named. The plaintiff, in his statement, said in effect, I accepted that proposition and performed the service. That constituted a contract between the parties, proposed by the one party, accepted and executed by the other, which entitled the plaintiff to sue for and recover the entire reward. That issue he tried in the justice's court, and lost, and from aught that appears here, he failed to maintain his cause of action

for the very reason that the contract was not made and executed between him and the defendant, but in fact it was a joint contract between three parties on the one side and the defendant on the other. So when the cause was appealed by the plaintiff to the circuit court, to enable him to make out a cause of action and because he could not recover on the one tried in the court below, he amended his action by suing in the name of the real parties to the contract and who performed the service.

Then what becomes of the provision contained in said section 3058, that the same cause of action, and no other, that was tried in the justice's court shall be tried in the circuit court? This section is in entire harmony with section 3060, because the latter expressly so limits the character of the amendment that it shall not change the cause of action. If the cause of action as stated in the amended statement be true the plaintiff could not maintain the action on which he sued in the justice's court. The undertaking of the plaintiffs was a joint contract and jointly executed by them. It could not be halved nor subdivided. It was a unit and indivisible. The plaintiffs could not split the cause of action into three parts, and each one sue for his supposed interest or share. It was one single reward offered, and the defendant could not be sued by more than one party therefor, nor be subject to more than one judgment.

"A contract with several persons, for the payment to them of a sum of money, is a joint contract with all, and all the payees have therein a joint interest, so that no one can sue alone for his proportion."—Par., Con. 7 ed. 13 ; *Rainey* v. *Smizer*, 28 Mo. 310 ; Bliss Pl., sect. 63. The proof that would sustain the first cause of action would not maintain the second.—*Scoville* v. *Glasner*, 79 Mo. 449. Sections 3567 and 3568, Revised Statutes, have no application to this case. Those provisions were in the practice act before 1879, and were not supposed by the Supreme Court to apply to appeals from justices' courts. On the contrary those provisions governing practice in causes originating in the circuit courts, indicate

. that when the legislature designed to confer the right of amendment bringing in new parties, etc., it expressly so declared. The absence of such language from section 3060, when the matter of extending the right of amendment on appeal from justices' courts was before the legislature in 1879, is most significant.

It follows, the other judges concurring, that the judgment of the circuit court must be reversed and the cause remanded for further proceeding in conformity with this opinion.