L. H. SHAFFNER, Respondent, v. M. A. LEAHY, Appellant.

### St. Louis Court of Appeals, February 23, 1886.

1. PRACTICE—AMENDMENTS—APPEALS FROM JUSTICES.—The circuit court may, on appeal from a justice of the peace, properly permit an amendment which does not change the cause of action.

2. —— MECHANIC'S LIENS.—In a mechanic's lien case, an amendment striking out that part of the petition which describes the defendant as widow and administratrix, which describes the property, and which seeks a lien, leaving a statement of a cause of action for work done and materials furnished, is not erroneous.

3. —— INSTRUCTIONS.—It is not error to refuse other proper instructions, where the instructions given fully and properly over the case as presented by the pleadings and the proofs.

4. —— Instructions which single out particular facts and make the verdict turn upon them, are properly refused.

5. —— Instructions, which are mere statements of abstract legal propositions, although in themselves correct, are properly refused.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

EDMOND A. B. GARESCHE, for the appellant: If we be correct in our interpretation of the legal effect of the allegations contained in the plaintiff's complaint, as originally framed, and as subsequently amended, the circuit court had no jurisdiction of the cause of action as originally brought upon appeal, or of the cause of action as set out in the complaint, as amended. Rev. Stat., sect. 2837, 3058. The amendment changed the cause of action. *Hansberger v. Railroad*, 43 Mo. 196. For our supreme court have expressly drawn a wide line of demarkation between a cause of action in one's representative capacity, and a cause of action in one's individual

capacity, expressly holding that they were different and distinctly separate. *Burdyne v. Mackey, Ex'r*, 7 Mo. 374. And, consequently, as it is the claim as presented, not the claim as decided or allowed, which is the measure of the power of the court. *Henks v. Debertshauser*, 1 Mo. App. 402. Our second point is directed against the action of the lower court in refusing to give the two instructions offered by the defendant upon the question as to whether or not it was agreed that an estimate was to be furnished by the respondent before doing the work and furnishing the material here sued for. The evidence upon this proposition was conflicting, and our instructions being, as we contend, unobjectionable, either as to form, or as to the propositions of law they enunciated, we submit that the court erred in refusing to give them. Parsons on Contracts, sect. 475; *Baker v. Johnson Co.*, 37 Iowa 186; *Steele v. Miller*, 40 Iowa 402; *Davidson v. Porter*, 57 Ill. 300.

BIERMAN & HILL, for the respondent: The cause of action was not changed. The respondent had a right to abandon the lien, and take a general judgment. *Patrick v. Abeles*, 27 Mo. 184; *Mulloy v. Lawrence*, 31 Mo. 583.

THOMPSON, J., delivered the opinion of the court.

This action was originally brought before a justice of the peace to enforce a mechanic's lien for work and labor done and materials furnished in the repair of a house which belonged to the estate of the deceased husband of the defendant, Mrs. Leahy. John Travers, to whom the house had been sold since the repairs were made, was originally joined as defendant, but he not having been served with process, the suit was dismissed as to him. A trial before the justice resulted in a judgment for the defendant, and the plaintiff appealed to the circuit court.

I. On the trial in the circuit court, the defendant

objected to any evidence being received under the statement, on the ground that the statement showed that the action was an action against the administratrix of a decedent's estate, and, therefore, that the justice had no jurisdiction. Thereupon, the plaintiff asked leave to amend his statement so as to eliminate therefrom all that portion thereof describing the property of the defendant's husband, James Leahy, and, also, all that portion alleging that the defendant was the administratrix of his estate, and, also, the prayer for a lien. This amendment the court allowed, and the defendant excepted. We think that this amendment was properly allowed. The action was not in substance an action against Mrs. Leahy as administratrix of her deceased husband. It was not alleged in the original statement that the contract was made with her as administratrix, or that she was administratrix at the time when the contract was made. If it had been framed with the view of getting a judgment against Mrs. Leahy, upon a contract made by her as administratrix of her deceased husband, it would not have stated any cause of action at all, because an action can not be maintained, against an administrator, in his representative capacity, upon any demand springing out of contracts made by the administrator. *Garnett v. Carson*, 11 Mo. App 290. All that part of the petition which described the defendant as "widow of James Leahy, deceased, and now acting as administratrix of his estate," and which described the property, upon which the work was done and material employed, as belonging to the estate of James Leahy, deceased, and which contains recitals touching the filing of a claim for a mechanic's lien, and which ends with a prayer for the enforcement of such lien against the property described, was evidently inserted by the draftsman with the idea of stating such facts as would entitle the plaintiff to a mechanic's lien against the property. Rejecting it as surplusage, the plaintiff abandoning his attempt to establish his lien, there is still left the statement that

the plaintiff made a contract with Mary Ann Leahy to perform certain labor and furnish certain materials upon and for a certain building, the reasonable value of which was $107.80 ; that the services were performed and the materials furnished in accordance with the contract, and that payment therefor has been demanded and refused. This states a good cause of action, and is not the introduction by amendment of a new cause of action, within the meaning of section 3060, Revised Statutes.

II.   It remains to consider whether the cause was properly submitted to the jury.

The plaintiff gave evidence tending to show that the defendant, Mrs. Leahy, requested him to do certain work upon a certain house, in order to put it in a salable condition ; that he did the work as requested ; that he presented her a bill therefor, $43.75 of which she paid, leaving the balance sued for unpaid, and that she subsequently promised to pay this balance, but failed so to do. It was admitted by the defendant, by her counsel in open court, that the work was done in a workmanlike manner, and that the prices charged therefor were reasonable. This was his case.

The defendant denied that she ever ordered the doing of the work, or knew that it was being done ; but she testified that she requested the plaintiff to examine the premises and make an estimate of the cost of doing the work ; that, pending this examination, the plaintiff entered into a parol agreement with her to purchase the property of her for $1,200, as soon as she could make a good title, giving her six months in which to do so ; that within that time she cleared off the title and tendered him a good deed of the property which he refused, and that he had, in the meantime, done the work for which he sues, without her request or knowledge, and on his own account. This, without further detail, was her defence.

The defendant in his testimony admitted that before he began doing the work he made this parol contract of

purchase with the plaintiff ; that he thereafter did the work, and that he finally changed his mind and refused to become the purchaser of the property, " as there might be a law suit about it." The testimony adduced by him differed from that adduced by her in these two essential particulars ; his testimony tends to show that, prior to this parol agreement of purchase, she had given him an order to do the work, without previously requiring him to give an estimate of the cost; her testimony denies this, and is to the effect that she required a previous estimate ; that before the estimate was given the parol agreement of sale was entered into ; that no order to do the work was ever given by her, and that no promise to pay the plaintiff's bill was ever made by her. The part payment of $43.75, which he alleges to have been made on account, she explains by testifying that, after he repudiated his agreement of purchase, she sold the house to Mr. Travers, for a slight advance over the figures which he had offered her, and applied the surplus in payment of certain mechanics which the plaintiff had employed to do the work, thinking that, as they did not know of the arrangement between her and the plaintiff, they ought not to suffer by it.

The case, thus briefly stated, was submitted to the jury upon the following instructions, the first two given at the request of the plaintiff, the last at the request of the defendant.

"1. The court instructs the jury that if they believe from the evidence that plaintiff did the work and furnished the materials used in the repairs on the house known as number 811 Clinton street, under orders from the defendant Mary Ann Leahy and on her account, and said Mary Ann Leahy has received the benefit of said work and labor and materials furnished, and that she has not paid for the same, although payment having been frequently demanded, then the jury will find for the plaintiff in the sum of $107.80."

"2. The jury are instructed that, if they believe

from the evidence that any witness has knowingly testified falsely as to any material fact in issue here, they are at liberty to disbelieve the whole of the testimony of such witness."

"3.   The court instructs the jury that, if you believe from the evidence that plaintiff agreed to purchase of defendant the premises in controversy, and, while said purchase was still incomplete, did the work and labor, and furnished the materials here sued for upon his own account, and that, subsequently, defendant being in a position to do so, offered to complete said purchase by making a transfer of said property upon which said work was done and material furnished to plaintiff, the plaintiff is not entitled to recover in this suit, and you should so find."

The giving of the two instructions above quoted, which were requested by the plaintiff, is not complained of.   The complaint which the defendant makes is that the court refused the two following instructions requested by her:

"1.   The jury are instructed that, if you believe from the evidence that, as a condition precedent to the doing of the work and the furnishing of the material and labor here sued for, it was agreed between plaintiff and defendant that the plaintiff was to furnish to defendant an estimate of said work, material, and labor before doing same, and that he did not so furnish said estimate, then plaintiff is not entitled to recover herein, and you should so find."

"2.   The court instructs the jury that, in order to entitle the plaintiff to recover in this case, it devolves upon him to establish the fact that the work, labor, and material for which he sues was furnished upon a contract with defendant.   And that before there can be a contract between two parties the minds of the two parties must come together and agree upon all the terms and conditions of the contract."

We think that the court did not err in refusing

these two instructions, for two reasons: 1. The plaintiff's case and the defendant's defence were submitted to the jury fairly and with sufficient fullness upon the instructions which were given. If the jury is properly instructed upon the whole case, the refusing of instructions, no matter how appropriate they might otherwise be, is not error. 2. The former of these instructions single out a certain fact in dispute, and makes the whole case turn upon that fact, namely, whether the defendant required an estimate from the plaintiff as a condition precedent to the doing of the work. It makes the plaintiff's right of recovery turn upon the question whether he furnished the estimate, and not upon the question whether the defendant really gave him the order to do the work. It is difficult to see wherein the giving of this instruction would have assisted the jury in the determination of the real issue in the case, and it would probably have diverted their minds from that issue. The fact that the plaintiff gave the defendant no estimate seems to be merely a link in the chain of evidence, a relevant circumstance bearing upon the real issue, which was whether the order to do the work was given, and, as such, a proper subject of comment in argument before the jury, and of consideration by the jury. But it clearly was not error to refuse an instruction making the case turn entirely upon that question, when the case was otherwise properly submitted to the jury.

As to the second of these instructions, the first proposition contained in it was well enough, but the jury had already been properly directed on that point in the first instruction given for the plaintiff. The second proposition contained in it states an abstract proposition of law, not irrelevant to the issue, the giving or refusing of which is ordinarily held to be no error. It is sufficient to say that it was not necessary to give it.

III. The contention that, upon the undisputed evidence the defendant was entitled to a verdict and judg-

ment, is not well founded. It is not shown by the bill of exceptions, as contended, that, at the time when he did the work and furnished the materials sued for, the plaintiff had purchased the house. He had made a conditional agreement of purchase, but the condition had not been fulfilled by the defendant. The contract was not enforceable under the statute of frauds; it is not pleaded or set up as a counter-claim, but is given in evidence merely as a relevant circumstance tending to show that he did the work on his own account. As the agreement was not valid and binding at the time when he did the work, because not in writing, and, moreover, was conditional merely, if the defendant had previously given him an order to do the work, it does not appear how the existence of the agreement would have had the effect of cancelling the order, or of showing that the work was not done under it.

The judgment must be affirmed. It is so ordered, with the concurrence of all the judges.