VIRGINIA STURGES, Respondent, v. JAMES R. BOTTS, Appellant.

Kansas City Court of Appeals, January 10, 1887.

AMENDMENTS — CONSTRUCTION OF SECTION 3060, REVISED STATUTES— LIMITATION UPON. — The provisions of the statute, concerning

amendments to statements (sect. 3060, Rev. Stat.) are not applicable to causes of action radically different in substance, and in the character of proof necessary to maintain them. They apply to instances where something is *omitted* from the original statement, yet leaving a cause of action; or by *adding* some averment with the manifest *intendment* of the pleader in framing the original statement, yet leaving a cause of action *substantially* the same as .at first. What was *intended* to be embraced in the original cause of action must be gathered from the *face of the statement*.

APPEAL from Linn Circuit Court, HON. G. D. BURGESS, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

ED. W. SMITH and J. R. WILCOX, for the appellant.

I. The finding of the court is against the law. *Birch v. Wright*, 1 T. R. 378; *Gurne v. Scovill*, 4 Day, 228; *Osgood v. Dewey*, 13 Johns. 240; *Henwood v. Cheseman*, 3 S. & R. 500; *Butler v. Cowles*, 4 Ohio, 205; *Sinnard v. McBride*, 3 *Id.* 264; *Richey v. McBride*, 6 *Id.* 371; *Peters v. Elkins*, 14 *Id.* 344; *Frazer v. Jones*, 6 Blackf. 386; *Newby v. Vestal*, 6 Ind. 412; *Hood v. Mathis*, 21 Mo. 308; *Cohn v. Kyler*, 27 *Id.* 123; *Hutton v. Powers*, 38 *Id.* 353; *Edmondson v. Kite*, 43 *Id.* 176; *Robertson v. Railroad*, 1 West. Rep.

II. The court should have sustained defendant's demurrer to the evidence. Plaintiff sues for the *use and occupation* of the premises in controversy. The evidence shows that the relation of landlord and tenant did *not* exist, consequently the action does not lie. 3 Mo. 405; 21 *Id.* 308; 27 *Id.* 122; 43 *Id.* 176. To sustain *this* action plaintiff must show that defendant occupied under her permission, or some one under whom she claims, founded on agreement express or implied. 21 Mo. 308; 27 *Id.* 122; 43 *Id.* 176; Wood on Landlord and Tenant, sect. 594.

III. The court erred in refusing defendant's in-

structions, being applicable to the case. Wood on Landlord and Tenant, sect. 594.

IV. The amendment changed the action from one *in delicto* to one *ex contractu.* The court erred in permitting such amendment, because it is violative of our practice code. If the amended statement effected no change, plaintiff could no more recover on it than on the original statement.

A. W. MULLINS, for the respondent.

I. It was competent for the circuit court to permit the plaintiff to file an amended statement, and no error was committed thereby. 1 Rev. Stat., sect. 3060, p. 511; *King v. Railroad,* 79 Mo. 328; *Vaughan v. Railroad,* 17 Mo. App. 4; *Hanson v. Jones,* 20 Mo. App. 595; *Shaffner v. Leahey,* 21 Mo. App. 110.

II. Judgment was properly rendered by the circuit court on the amended statement for money had and received. Cooley on Torts, pp. 96, 95, 91, 93; 1 Hilliard on Torts (3 Ed.) 39; *Wiseman et al. v. Lyman,* 7 Mass. 286, 288; *Frank v. Ins. Co. et al.,* 102 N. Y. 279; *Wells v. Express Co.,* 49 Wis. 224; *Eddy v. Smith,* 13 Wend. 488, 490; *Gilmore v. Wilbur,* 12 Pick. 120; *Mason v. Wait,* 17 Mass. 560, 563; *Bank v. Smith,* 5 Conn. 71: *Stout v. Keyes,* 2 Doug. (Mich.) 84; *Floyde v. Wiley,* 1 Mo. 643; 2 Bouvier's Law Dictionary (8 Ed.) 184, 185.

PHILIPS, P. J.—This was an action instituted in a justice's court. The statement of the cause of action, on which the case was tried in that court, was to recover for the use and occupation of certain premises for a given period. The plaintiff had judgment, from which the defendant appealed to the circuit court. When the case was reached for trial, *de novo,* the plaintiff, against the objection of defendant, was permitted to file an amended statement of the cause of action, whereby he sued for money had and received, alleging that during the given period the defendant had rented to others and collected

rents on the premises which of right belonged to plaintiff.

The evidence tended to show that the premises in question originally belonged to one John W. Botts, who, on the ninth day of April, 1881, conveyed the same by deed to the defendant, who took possession, and continued to hold, either by himself or his tenants, until about March, 1885. After the said conveyance to defendant, the plaintiff began suit in the circuit court of Linn county against the said John W. Botts, on which she recovered judgment. Under a writ of execution issued on said judgment the said premises were levied on and sold as of the property of said John W. Botts, and the plaintiff became the purchaser thereof, and received from the sheriff a deed. Afterwards she brought suit in equity against the said John W. Botts and the defendant to set aside said deed from John W. Botts to defendant, on the ground that the same was fraudulent and void as against the plaintiff. On the ninth day of December, 1884, this cause was tried, and the court rendered a decree, annulling the said deed from John W. Botts to defendant, and vesting the title to the premises in the plaintiff.

The evidence further showed that, for a part of the time after the plaintiff obtained the sheriff's deed, and prior to the date of the decree, the defendant had rented the said premises to other parties, and collected rents therefor to the amount of about sixty dollars. The circuit court rendered judgment against the defendant for this sum so received. Defendant prosecutes this appeal.

I. The important question for determination is, did the trial court err in permitting the amended statement to be filed? It is conceded by respondent that the original statement, on which the cause was tried in the justice's court, was, in form and effect, an action for the use and occupation of the premises; and that the action

as amended in the circuit court, was one for money had and received to the plaintiff's use.

These two causes of action are radically different in substance, and in the character of the proof essential to maintain them. To support the action for use and occupation the relation of landlord and tenant must exist between the parties. This action could not be sustained, under the facts of this case, because the defendant was not in possession under any contract, expressed or implied, between the plaintiff and the defendant. On the contrary he was in possession under a deed from the admitted original owner, and under assertion of title in himself. He never attorned to the plaintiff, nor in any manner recognized her right. In such case the action for use and occupation will not lie. *O'Fallon v. Boismenu*, 3 Mo. 405; *Hood v. Mathias*, 21 Mo. 308; *Cohn v. Kyler*, 27 Mo. 122; *Edmondson v. Kite*, 43 Mo. 176.

II. It was because of the plaintiff's inability to recover under the original statement of his cause of action, on which the trial was had in the justice's court, that he proposed the amended statement. Reliance for this amendment is p'aced on the provisions of section 3060, Revised Statutes, which authorizes the circuit court, on such appeals from justice's courts, to allow amendments of the statement, "to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced, or intended to be included in the original account or statement, shall be added by such amendment."

As was observed in *Thieman v. Goodnight* (17 Mo. App. 434), "the amendment authorized is only to supply any deficiency or omission therein; that is, in the original statement. It is not to make a new cause of action, but to perfect one imperfectly stated in the justice's court."

Respondent refers us to the following adjudications

in support of this amendment: *King v. Railroad*, 79 Mo. 328; *Vaughan v. Railroad*, 17 Mo. App. 4; *Hanson v. Jones*, 20 Mo. App. 595; *Shaffner v. Leahey*, 21 Mo. App. 110.

They apply to instances of amendments allowed by omitting something from the original statement, leaving a cause of action yet stated in the original statement, or by adding some averment within the manifest intendment of the pleader in framing the original statement, leaving the cause of action, in each case, substantially the same. But as said by this court in *Gregory v. Railroad* (20 Mo. App. 448), "what was intended to be embraced in the original cause of action must be gathered from the face of the statement. The court cannot inquire what was the private intent of the party, but can only look to the paper to gather the intention."

So it was held in that case, where the statement was plainly a common law action for negligently killing stock by a railroad company, that it could not be transformed by amendment in the circuit court into a statutory cause of action for double damages. And this, for the palpable reason, that section 3058, Revised Statutes, declares, that the same cause of action, and no other, that was tried in the justice's court shall be tried in the circuit court. "This section is in entire harmony with section 3060, because the latter expressly so limits the character of amendment that it shall not change the cause of action." *Thieman v. Goodnight* (*supra*), 435.

Under the amended action, for money had and received, the plaintiff was entirely relieved from making the proof, essential under the original statement, of the existence of the relation of landlord and tenant between him and the defendant. So far from proceeding upon the assumption of a contract between the parties for use and occupation, the amended cause of action imputes to defendant a wrongful appropriation of money, which, *ex æquo et bono*, belonged to plaintiff. In its essential

characteristics, as applied to the facts of this case, it is an action *ex delicto*. In such case the law allows the injured party to sue in *assumpsit*, as the money, in equity and good conscience, belongs to the plaintiff.

But such an issue was in no wise within the intendment of the statement based on the relation of landlord and tenant. To allow such latitude of amendment on appeals from justices' courts would be to disregard altogether the just limitations imposed by said sections 3058 and 3060.

The circuit court, therefore, erred in allowing this amendment. As this is fatal to the judgment, it is unnecessary to consider the merits of the amended cause of action, as it is not properly before this court.

The other judges concurring, the judgment of the circuit court is reversed and the cause remanded.