ELIZABETH WHITFIELD *et al.*, Plaintiffs in Error, v.
THE TOWN OF CARROLLTON, Defendant
in Error.

Kansas City Court of Appeals, May 16, 1892.

1. **Municipal Corporations**: PUBLIC DUTY: PRIVATE EMOLUMENT.
There is a distinction between acts done by a city in discharge of a
public duty and acts done for what is called its private advantage or
emolument, and, where its acts are of the latter class, it would be
liable to the same extent a private proprietor would for negligence in
the management or use of its property to the injury of others.

2. ————: STANDPIPE NO NUISANCE: ACTIONS. The erection by a city or
by its license of a standpipe on a lot owned by it is not a nuisance,
nor does it give a right of action to the adjoining lot-owner.

3. **Nuisance**: LAWFUL BUSINESS, WHEN BECOMES. Any business,
lawful in itself, which, from the place or manner of carrying it on,
materially injures the property of others or affects their health or
renders the enjoyment of life physically uncomfortable, is a nuisance.

4. **Pleading**: NUISANCE: NEGLIGENCE: STANDPIPE. A petition that
states that a standpipe, on account of its height and size and weight
and the purpose for which it was to be used, was liable to be struck
by lightning or blown over, but fails to charge that it was negligently
constructed, and, therefore, dangerous, does not state a cause of
action; and such allegation as that the water escaping from the
standpipe renders the ground wet, soggy and unhealthy is so vague
and indefinite as to state no actionable facts.

*Error to the Carroll Circuit Court.*—HON. J. M. DAVIS,
Judge.

AFFIRMED.

*Hale & Son* and *J. W. Sebree*, for plaintiffs in
error.

(1) We insist that, in the exercise of powers not
of this character, voluntarily assumed, and intended
for the private advantage and benefit of the locality and

its inhabitants, such municipal corporation is liable for damages to the same extent as a private corporation or individual. This is the rule laid down in the case of *Hill v. Barton*, 122 Mass. 344; also in 15 American & English Encyclopedia of Law, page 1141, and cases there cited; see, also, page 1155, same volume, and cases cited. Dillon on Municipal Corporations [3 Ed] sec. 985, *et seq.; Hannon v. St. Louis Co.*, 62 Mo. 313, approving the case of *Mayor v. Bailey*, 2 Denio (N. Y.) 433, to which case we particularly call the court's attention. On these authorities we maintain that this rule is firmly established. (2) The act of 1885 (Session Acts, 1885, p. 47), providing a mode for the ascertainment of damages to the private property taken or damaged for public use, has no application to such injuries as are alleged in this case. *Edmonson v. Moberly*, 98 Mo. 523. We insist that the structure complained of is a nuisance under the allegations of the petition. It is an unusual and extraordinary structure, built immediately adjoining the dwelling house of plaintiffs in error. Wood's Law of Nuisances [2 Ed.] p. 1; Cooley on Torts, p. 565; 3 Blackstone's Commentaries [Cooley's Ed.] 215; 16 American & English Encyclopedia of Law, p. 924; *Beckley v. Stroth*, 19 Mo. App. 75; *Van De Vere v. Kansas City*, 107 Mo. 83.

*John L. Mirick* and *Ralph F. Lozier*, for defendant in error.

(1) The act complained of is a reasonable, warrantable and lawful use of the city property. *Trans. Co. v. Chicago*, 99 U. S. 635; Cooley on Constitutional Limitations [5 Ed.] 671; *Van De Vere v. Kansas City*, 107 Mo. 83; Bishop on Non-Contractual Law, sec. 98. (2) The structure is not a nuisance or in

any sense a violation of plaintiff's legal rights. To constitute a nuisance there must be a violation of legal rights and damages resulting therefrom. It is not sufficient that it depreciates the value of surrounding property. The damages must be special and peculiar to plaintiff. If damages have been sustained they are *damnum absque injuria.* Wood's Law of Nuisances, secs. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 835, 867, 880; *Rigney v. City of Chicago,* 102 Ill. 80, approved in *Rude v. St. Louis,* 93 Mo. 416, and *Fairchild v. St. Louis,* 97 Mo. 85, and *Carman v. St. Louis,* 97 Mo. 92; Lewis on Eminent Domain, sec. 236; *Van De Vere v. Kansas City, supra; Givens v. Van Studdiford,* 86 Mo. 149; Addison on Torts [Dudley & Baylies Ed.] p. 247; *Whalen v. Keith,* 35 Mo. 87; 13 Wend. 261; 23 Barb 458. (3) The petition does not sufficiently state facts from which damages may be inferred. The invasion of a legal right must be specifically shown. The injury complained of must be past and present. That it may probably result in the violation of a legal right or the infliction of damages is not sufficient. Addison on Torts, *supra;* Wood's Law of Nuisances [2 Ed.] sec. 835.

SMITH, P. J.—This is an action against the defendant town for damages for permitting the erection and maintenance of a standpipe of a water company on a lot owned by the town which adjoins one owned and occupied by the plaintiffs as a residence. The petition *inter alia* alleges that the defendant illegally, unlawfully and wrongfully suffered, permitted and authorized the Carrollton Water Company, a corporation organized under the laws of the state ———, to build and erect, in the southeast corner of defendant's said lot, and immediately north of, and adjoining, said lot of plaintiffs, a certain round, iron standpipe. That

the erection of said standpipe, by reason of its height, size, weight and the purpose it is to be and is used, its liability of falling, being struck by lightning or blowing over upon the dwelling and premises of plaintiffs, and, by reason of its nearness to the premises of plaintiffs as aforesaid, has rendered the premises and lots of plaintiffs unfit for habitation by plaintiffs or their family, and has permanently injured and damaged said property and made same unfit for any purpose whatever. That, by reason of the apprehension of danger from said standpipe, plaintiffs and their family are afraid to occupy said homestead, and the same is rendered unsalable and unfit for use. That said standpipe is a dangerous and unsightly structure and a nuisance to these plaintiffs. That water constantly escapes from the same and into the ground surrounding it, making the ground in its vicinity wet, soggy and unhealthy, and undermining same. That it absorbs heat in summer and cold in winter, and same is liable at any time to burst.

There was a demurrer interposed by defendant to plaintiffs' petition on the ground that it failed to state facts sufficient to constitute a cause of action, which was by the court sustained and judgment given accordingly, to reverse which the plaintiffs have appealed.

A town or city holding and dealing with property as its own, not in the discharge of a public duty, nor for the direct or immediate use of the public, but for its own benefit by receiving the rents or otherwise in the same way as a private owner might, is liable to the same extent as he would be for negligence in the management or use of such property to the injury of others. But there is a distinction between acts done by a city in the discharge of a public duty and acts done for what is called its private advantage or emolument. *Hill v. Boston*, 122 Mass. 344; *Oliver v. Worcester*, 102

Mass. 489; *Thayer v. Boston*, 19 Pick. 511; *Bailey v. Mayor*, 3 Hill, 531; *Western Saving F. Society v. Philadelphia*, 31 Pa. St. 185; Wood on Nuisances, sec. 750.

It is said in *Bailey v. Mayor, etc., supra*, if powers are "granted for public purposes exclusively, they belong to the corporate body in its political or municipal character, but if the grant was for the purpose of private advantage and emolument, though the public may derive a common benefit therefrom, the corporation *quoad hoc* is to be regarded as a private company. It stands on the same footing as would any individual or body of persons upon whom the like special franchise has been conferred," citing *Dartmouth College v. Woodward*, 4 Wheat. 668, and other cases.

In the present case the defendant, the owner of the lot, granted a license to the water company to erect its standpipe thereon. It is, of course, to be presumed that the object and purpose of the water company in erecting the standpipe was to enable it to furnish water to the inhabitants of the city, a rate to be paid therefor by those using it. Whether the city itself used the lot for this purpose, or authorized another to do so, would not change the legal aspect of the case. *Mayor v. Williams*, 50 Md. 138; *Torpey v. Independence*, 24 Mo. App. 287. The defendant town was authorized by the statute to contract with the water company for supplying it with water. R. S., secs. 2793, 2794.

According to the rule to which we have just adverted, the defendant, in the use made and permitted to be made of the standpipe lot, would be liable in the same way and to the same extent that a private owner would be for, negligence in the use of such property to the injury of others. The grant of the license to the water company to use the lot was for private advantage. It is true the public may derive some benefit

therefrom, but it is nevertheless a private company. The whole enterprise was of a private character. There was no design to conduct it exclusively for public purposes.

It is true the petition alleges that the defendant "unlawfully" permitted the water company to erect its standpipe on the lot, but in view of the further allegation therein, "that the defendant was the owner and in the exclusive control of the lot," we fail to see how it would be unlawful for it to erect a standpipe on the lot itself or to permit the water company to do 'so, unless the standpipe was a nuisance *per se*. If the defendant, as the owner of the lot, is entitled to exercise the same rights and is subject to the same liabilities in respect to the use thereof as an individual, which is undoubtedly the case, then it had the lawful right to either erect the standpipe on the lot itself or grant a license to the water company to do so, and for that reason the structure cannot be said to be a nuisance. That cannot be a nuisance such as to give a common-law right of action which the law authorizes. *Van De Vere v. Kansas City*, 107 Mo. 83; *Trans. Co. v. Chicago*, 99 U. S. *supra*.

And while the standpipe is not primarily a nuisance it may be such *in se*, by improper use.' Does the petition in this case allege an improper use for which an action for damages will lie? Any business lawful in itself which from the place or manner of carrying it on materially injures the property of others or affects their health, or renders the enjoyment of life physically uncomfortable, is a nuisance. *Attorney General v. Steward*, 19 N. J. Eq. 415; *Ross v. Butler*, 19 N. J. Eq. 294. In Wood on Nuisances, section 599, it is stated that any use of property that corrupts the atmosphere with smoke, noxious vapors, noisome smells, dust or other substances or gases producing injury to property

or to health or impairing the comfortable enjoyment of property is a nuisance.   Again in sections 1 and 2 it is stated that a nuisance in legal phraseology is a term applied to that class of wrongs that arise from the unreasonable, unwarrantable or unlawful use by a person of his property, real or personal.   Unless the owner is disturbed in the enjoyment of some right which he is entitled to make use of, he cannot recover. If the loss or depreciation arises from mere proximity to the work or improvement or from its unsightly nature or its incongruity with the uses to which the neighboring property is put, there can be no recovery. Lewis on Eminent Domain, sec. 236.   The party complaining must show that the property itself or some right or easement connected therewith is directly affected, and that it is specially affected.   *Van De Vere v. Kansas City, supra.*

Now it is nowhere alleged in the petition that the standpipe was negligently constructed or was by reason thereof dangerous and unsafe.   But, on account of its height and size and weight and the purposes for which it was to be used, it was liable to be struck by lightning or be blown over.   These consequences might possibly result to the dome of a church or the tower of a private residence or other structure, and yet that would not necessarily render them a nuisance and give those residing in close proximity a common-law right of action for nuisance.   According to the rule just stated, no disturbance in the enjoyment of any right which plaintiffs are entitled to make use of in connection with their lot is alleged for which they can recover.

If the structure had on account of improper or imperfect material used in the construction or the negligent manner thereof become dangerous, unsafe and likely to fall upon the plaintiffs' residence so that they

were disturbed in the enjoyment of the use of their residence there would no doubt be a liability in that case.   If the plaintiffs were deprived of the use of their residence on account of its proximity to the structure and the consequent danger of the latter's falling upon it, then in a legal sense it would be injuriously affected. The petition, however, discloses no such case.

The allegation that the water escaping from the standpipe renders the ground in its vicinity "wet, soggy and unhealthy" is so vague and indefinite as to state no actionable facts.   It does not show that the *corpus* of the plaintiffs' property itself or some appurtenant right or easement connected therewith is directly in general affected and is also specially affected, and that such direct and special injury is such as to depreciate the value of plaintiffs' property.   1 Dillon on Municipal Corporations, sec. 587*d*; *Rude v. St. Louis*, 93 Mo. 408; *Martin v. Railroad*. 47 Mo. App. 449.

We do not think that the facts stated in the petition show an infringement by the defendant of the common-law rule, *Sic uteri tuo ut alienum non laedas*. People living in cities and large towns must submit to some inconveniences, to some annoyance, to some discomforts and to some injury.   This is found necessary for trade, commerce and also for the enjoyment of property and for the general benefit of all.

We do not think the trial court erred in sustaining the demurrer to plaintiffs' petition so that it results the judgment will be affirmed.   All concur